TEUNIS P. OSTERHOUDT et al., Tax Payers, etc., Respondents, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ULSTER et al., Appellants.

In an action brought, under the act "for the protection of tax payers" (Chap. 161, Laws of 1872, amended by chap. 526, Laws of 1879), by tax payers of a town, to vacate, on the ground of illegality or fraud, audits of town accounts made by the board of audit, and to restrain the levying of a tax for their payments, the persons in whose favor the audits were made are proper and necessary parties. The enumeration in said act of the persons against whom actions under it may be brought does not dispense with the necessity of joining all other persons who will be directly affected by the judgment, and are necessary parties to a complete determination of the controversy.

Under the provisions of the Code of Civil Procedure (§§ 452, 499), although the defendants in an action by omitting to raise an objection of defect of parties by demurrer or answer, must be deemed to have waived it, yet where the granting of relief against the defendant will prejudice rights of others who are not parties to the action, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment, and a failure so to do is fatal to the judgment.

(Argued December 1, 1884; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*F. L. Westbrook* and *J. Newton Fiero* for appellants. An action in equity will not lie to restrain the levying and collection of the tax or audits named in the complaint. The plaintiffs, as tax payers, have no standing in court to maintain the action. (3 Denio, 117; 33 Barb. 603; 26 id. 118.) The body whose action is sought to be reviewed is a judicial body. (*Supervisors of Onondaga* v. *Briggs*, 3 Denio, 26, 33.) A judgment cannot

be impeached collaterally. (*White* v. *Merritt*, 7 N. Y. 352; *Pendleton* v. *Weed*, 17 id. 72; *Porter* v. *Purdy*, 29 id. 106; *Western R. R. Co.* v. *Nolan*, 48 id. 573; *Kennedy* v. *City of Troy*, 77 id. 493; *Albany City Bk.* v. *City of Albany*, 92 id. 366.) If the fact of the audit or allowance was sufficient to prevent that fact being shown as a defense, it follows necessarily it is not an affirmative ground for equitable relief. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 514; *B. & S. L. R. R. Co.* v. *Erie*, 48 id. 99; *Bk of Commonwealth* v. *Mayor, etc.*, 43 id. 186; *Lutes* v. *Briggs*, 64 id. 410.) A *mandamus* would also lie to compel the board of audit to strike out the illegal items, if any. (51 N. Y. 442; *Youmans* v. *Simmons*, 7 Hun, 466; *Western R. R. Co.* v. *Nolan*, 48 id. 573; *Barhyte* v. *Shepherd*, 35 id. 238.) An act, judicial in its nature, does not cease to be such because wrongfully or maliciously done. (*Youmans* v. *Simmons*, 7 Hun, 466.) Taxation of costs confirmed by court cannot be attacked collaterally. (*Pittman* v. *Mayor*, etc., 3 Hun, 371.) If some of the charges were excessive as the referee finds, it was not the province of the Supreme Court, in a collateral proceeding, to determine what was the exact sum that should be allowed. That is not the tribunal designated by law to determine that. (*Schanck* v. *Mayor, etc.*, 69 N. Y. 444; *Lutes* v. *Briggs*, 64 id. 404; *Lee* v. *Supervisors of Jefferson*, 62 How. 214; *Carroll* v. *B'd of Police*, 28 Miss. 48.) The action of the proper authority in the matter was conclusive, even though the price agreed to be paid was more than the court would think wise. In the absence of fraud the action of the commissioners was conclusive on the town, the more particularly after it was ratified by the auditors and the certificates granted. (*Albany City Bk.* v. *City of Albany*, 92 N. Y. 363; *Boots* v. *Washburn*, 79 id. 207, 211, 212; *Johnson* v. *Dodd*, 56 id. 76; *Schanck* v. *Mayor, etc.*, 69 id. 444; *Navarro* v. *City of N. Y.*, MSS. opinion.) No action at law will lie to recover a claim against a town or county. (*Brady* v. *Supervisors*, 2 Sandf. S. C. 460; *S. C.*, 10 N. Y. 260.) The board must settle or declare the amount according to such law, customs,

authority or contract; but if the amount is for any matter which does not come within either of said classes the board is vested with a discretion, and acts in the light of such information as it may possess or seek, or may be furnished to it by claimants. (*People, ex rel. Sherman,* v. *Supervisors,* 30 Hun, 181; *People, ex rel. Bk.,* v. *Supervisors,* 51 N. Y. 401.)

*M. Schoonmaker* for respondents. A *certiorari* or *mandamus* is not an action. They are special proceedings taken in the name of the people. (Code of Civ. Pro., §§ 3333, 3334; Code of 1849, §§ 2, 3; *People, ex rel.* v. *Stilwell,* 19 N. Y. 531; *In Matter of Mt. Morris Square,* 2 Hill, 28; *People* v. *Supervisors of Allegany,* 15 Wend. 198; *In re Livingston,* 34 N. Y. 557; *In re R. & S. R. R. Co.* v. *Davis,* 55 id. 145; *Hallahan* v. *Hubert,* 57 id. 409; *Leary* v. *Gardner,* 63 id. 624.) An unlimited discretion in the audit and allowance of claims against a town was never vested in the board of town auditors or in the supervisors; their powers are expressly limited and defined by the statute. When they exceed such powers and travel beyond the time or limit marked out for them, their acts are void. (*People, ex rel.* v. *Lawrence,* 6 Hill, 244; 1 R. S. 358, § 2.) Town auditors have no power or authority to bind a town or pledge its credit in any manner or contract any debt against a town, except such as is expressly conferred by statute. (*Mather* v. *Crawford,* 36 Barb. 564; *Barker* v. *Loomis,* 6 Hill, 463; *People, ex rel.* v. *Ulster County,* 93 N. Y. 401; *Loullan* v. *Town of Monroe,* 11 id. 394; *People, ex rel.* v. *Town of Esopus,* 74 id. 310.) As holding the town liable for any disbursements by the commissioners of highways will necessitate the imposition of a tax, it must appear that the case comes within the provisions of the statute, and that all the essential requirements of the statute have been strictly complied with. This being a case which in fact appropriates private property for public purposes, all intendments are in construction against and not in favor of the liability. (*Palmer* v. *Ft. Plain Plank R.,* 11 N. Y. 386; Laws of 1865, chap. 442.) The burden of proof to bring the allowances

within the authority of a special statute rests with the defendants. It should affirmatively appear on their certificate, as the law requires these auditors to specify the nature of the demand (1 R. S. 355, § 47, as amended by chap. 228, Laws of 1884), that the case was within their jurisdiction, and certainly when it does not thus affirmatively appear, the intendment is against them, and the facts must be proven. (*Jones* v. *Read*, 1 Johns. Cas. 20; *Wells* v. *Newkirk*, id. 228; *Bowen* v. *People*, 4 J. R. 292; *Bloom* v. *Burdick*, 1 Hill, 130; *Adkins* v. *Bowers*, 3 Cow. 206; *Turner* v. *Roby*, 3 N. Y. 193.) These cases of McKeon and Charles Schuman, for matters and charges passed upon and rejected by a former board of town auditors, the board of town auditors had no jurisdiction to pass upon, allow or audit them. (*Martin* v. *Greene County*, 29 N. Y. 647; *People* v. *Auditors of Elmira*, 32 id. 82.) The town auditors have no power to create a legal or valid claim against the town out of that which is not so in fact. Therefore, where there is no legal obligation to pay, town auditors have no jurisdiction to act; if they do, their action is a nullity. (*People*, *ex rel.* v. *Lawrence*, 6 Hill, 244; *Morey* v. *Newfane*, 8 Barb. 645; *Town of Galen* v. *Clyde*, 27 id. 543; 1 R. S. 358, § 2.)

*S. L. Stebbins* for respondents. The action is maintainable under the statute. (Chap. 526, Laws of 1879; *Ayres* v. *Lawrence*, 59 N. Y. 192; *Metzger* v. *A. & A. R. R. Co.*, 79 id. 171; Code of Pro., §§ 2, 3; Code of Civ. Pro., §§ 3333, 3334, 3336; 1 Crary's Special Pro. [2nd ed.] 151, 152; 2 id. 51, 52; 5 Wait's Practice, 457, 459, 603, 604.) The remedy as here applied does not depend upon the general jurisdiction of a court of equity, but upon the express words of the statute. (*Metzger* v. *A. & A. R. R. Co.*, 79 N. Y. 171.)

ANDREWS, J. There is a defect of parties fatal to the judgment. The action was brought under the provisions of chapter 161 of the Laws of 1872, as amended by chapter 526 of the Laws of 1879, by the plaintiffs, as tax payers of the town of Kingston, against the board of supervisors of Ulster county

and the town auditors of the town, to vacate certain audits of town accounts, made by the board of town auditors at its annual meeting in November, 1879, in favor of a large number of individuals, amounting in the aggregate to the sum of $17,-120.09, and to restrain the board of supervisors from levying upon the town a tax for their payment, on the ground that such audits were "illegal, inequitable, unjust, false and fraudulent." The judgment grants the relief demanded in the complaint, and vacates the audits and restrains the supervisors from levying a tax for their payment.

The individuals in whose favor the audits were made were not made parties in the first instance, nor were they brought in at any stage of the action. The only defendants are the board of supervisors and the town auditors. The question of defect of parties was not raised by demurrer or answer. The point, however, was taken at the commencement of the trial and was overruled. The defendants, by omitting to take the objection by demurrer or answer, are "deemed to have waived it." (Code of Civ. Pro., § 499.) But the rule which prevailed in courts of equity, that the court would not proceed to a decree until all necessary parties were before the court, has been preserved by the Code. Section 452 provides : "The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others or by saving their rights ; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in." Construing sections 452 and 499 together, their meaning is that a defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of relief on that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment. When a defendant is sued alone upon a joint contract, if he omits to set up the non-joinder of his co-contractor

by demurrer or answer, judgment may pass against him alone, because judgment against one joint-contractor will not prejudice the other, but may relieve him from liability. The other branch of the rule would be illustrated by an equitable action brought for the cancellation of a mortgage, executed to two persons as mortgagees, in which only one of the mortgagees was made defendant. The court could not proceed to a decree for the plaintiff without the presence of the other mortgagee. The distinction is between those who are necessary parties and those who are proper parties merely. When persons who are necessary parties are not joined, the court will not proceed until they are brought in. It will not render a fruitless judgment, nor will it undertake to decide a single right in the absence of persons who are entitled to be heard in respect to it, and who may be prejudiced by the decision. It was the practice in chancery to permit the objection for defect of parties to be taken by demurrer or answer, or at the hearing. (Story's Eq. Pl., § 75; *Van Epps* v. *Van Deusen*, 4 Paige, 64.) Under the Code the court is bound to take the objection when a proper case is presented.

It seems very plain that the persons in whose favor the audits were made were necessary parties. The judgment vacates the audits and restrains their collection in the usual course. They are necessarily prejudiced. Indeed they are parties primarily interested. They are deprived of the benefit of the adjudication of the board of audit, and if they should undertake to compel the board of supervisors to levy a tax for the payment of the claims, they would be met by the judgment in this case vacating the audits and restraining the collection. Their rights, and such rights as the defendants have, depend upon a single controversy, whether the claims were legal charges against the town and were legally audited by the town board. Neither the town auditors, nor the board of supervisors, represented the claimants in any legal sense. Their interests are not identical, and the doctrine of virtual representation is not applicable. The enumeration in the act of 1872, of "the officers, agents, commissioners, or other persons, acting for or in behalf of any

county, town, or municipal corporation," as the persons against whom an action may be brought, does not dispense with the necessity of joining all other persons who will be directly affected by the judgment and are necessary parties to a complete determination of the controversy.

The action is, we think, fatally defective on this ground, and without passing upon the merits, the judgment should be reversed, but without costs in this court.

All concur.

Judgment reversed.