CAROLINE STEINBACH, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

INSURANCE — ACTION TO REFORM LIFE INSURANCE POLICY AND FOR JUDGMENT THEREON — PARTIES DEFENDANT — CODE CIVIL PROCEDURE, §§ 452 AND 499. Where a life insurance policy was erroneously, or fraudulently, made payable to the insured, or his legal representatives, instead of to a creditor thereof, for whose benefit the policy was obtained and by whom the premiums were paid, the legal representatives of the insured are necessary parties to an action brought by the creditor, after the death of the

insured, against the company to have the policy reformed and made payable to such creditor instead of to the legal representatives of the insured and for judgment upon the policy so reformed for the money due thereunder, and although no ,attempt was made by defendant to raise the objection, by demurrer or answer, that there was a defect of parties defendant, a motion, made at the close of the evidence upon the trial, to dismiss the complaint for such defect of parties, should have been granted unless within a reasonable time the personal representatives of the insured were brought in, not necessarily for the protection of. the defendant, for it had neglected its rights, but for the protection of the representatives of the insured as well as the seemly and orderly administration of justice, that there might be a complete determination of the controversy; since section 499 of the Code of Civil Procedure, providing that where " Such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it," must be read in connection with section 452, which provides that "Where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

*Steinbach* v. *Prudential Ins. Co.*, 62 App. Div. 133, reversed.

(Argued October 22, 1902; decided November 18, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to reform a policy of life insurance as to the name of the beneficiary and to recover upon it as reformed.

Omitting the formal parts, the allegations of the complaint were that· "Prior to the 19th of October, 1896, one Max Fehrman was indebted to the plaintiff (whose name was then Caroline Lampp, she having since married her husband William Steinbach) in divers sums of money which he was unable to pay. Said Fehrman was then insured by the defendant under policies of insurance upon his life for various amounts, the premiums upon which said policies were being then paid by the plaintiff, and constituted a part of the sum then due and owing by the said Fehrman to the plaintiff, all which was known to the defendant. And thereupon, and for the purpose of securing to the plaintiff the payment of the moneys, or a part thereof, then .due and owing to her from

said Max Fehrman, the defendant agreed with the plaintiff, in consideration of the premises, and of the payment by the plaintiff of the weekly premiums hereinafter mentioned, to issue a further policy of insurance upon the life of said Fehrman, for the benefit of the plaintiff in the sum of two hundred and seventy dollars, and to make said policy payable to the plaintiff upon the death of said Fehrman.

"Thereafter, on or about the 19th day of October, 1896, in pursuance of said agreement, so made between the plaintiff and defendant, the plaintiff paid the defendant the sum of twenty-five cents, the amount of the first weekly premium above referred to, and the defendant thereupon, in pursuance of said agreement, duly made and executed its policy of insurance in writing and delivered said policy to the plaintiff. The said policy of insurance was dated the 19th day of October, 1896, and declared that in consideration of the application in said policy mentioned, and of the weekly premiums therein stated, namely, the sum of twenty-five cents per week during the life of said Max Fehrman, the defendant promised to pay to the executors, administrators or assigns of the person named as the insured in said policy, to wit, the said Max Fehrman, the sum of One hundred thirty-five dollars, within twenty-four hours after acceptance by it of satisfactory proof of the death of said Max Fehrman during the continuance of said policy, provided said Fehrman should die after the expiration of six months and within one year from the date of said policy, and the sum of two hundred and seventy dollars provided said Fehrman should die after the expiration of one year from said date.

"Upon the delivery of said policy of insurance to the plaintiff, the defendant, by its agent, stated to the plaintiff that the same was issued by the defendant in pursuance of the said agreement, and in conformity therewith, and that by the terms of said policy the defendant did insure the life of said Max Fehrman, and did agree upon his death to pay the amount of said insurance to the plaintiff, upon her paying the premiums called for by the said policy, namely, twenty-five cents per

week and complying with the other conditions thereof, and said defendant did so state and represent to this plaintiff for the purpose of inducing this plaintiff to pay the said premiums, and made such representations intending that the plaintiff should rely thereon, and relying thereon should pay the said premiums accordingly.

"The plaintiff is a Swede and has a very imperfect knowledge of the English language, as spoken, and an especially imperfect knowledge thereof, as written, and did not know until informed thereof by her counsel, after the death of Fehrman, hereinafter mentioned, that said policy of insurance was not payable to her by its terms. On the contrary, the plaintiff believed the said statements made by the defendant, as aforesaid, and relied upon the same, and so believing and relying, paid the said first premium and all subsequent premiums upon said policy of insurance up to the date of the death of said Fehrman hereinafter set forth ; and plaintiff believed when she received said policy and paid the first of said premiums and all other premiums, that the same was payable to her, and that she would be entitled to receive the money that should become payable thereunder upon the death of said Fehrman.

"The said statements and representations were false and untrue. The said policy was not payable to this plaintiff as represented by the defendant, nor did the same conform to the said agreement, but instead was payable to the executors, administrators and assigns of the said Fehrman, and gave this plaintiff no interest whatever in any moneys that might become due thereunder, and no rights whatever in respect to said money.

"The words in said policy, ' unto the executors, administrators or assigns of the person named as the insured in this policy,' whereby the same was made payable to the executors, administrators and assigns of said Fehrman, were inserted therein instead of the words ' unto Caroline Lampp, her executors, administrators or assigns,' or similar words, making the same payable to the plaintiff, either by mistake of the defend-

ant or its draftsman, or else they were so inserted, and the statements and representations were made in pursuance of an intent by the defendant to defraud the plaintiff. And the said policy of insurance was accepted in said form by the plaintiff by mistake and upon the supposition and in the belief that the same was payable to her."

No assignment of the policy was alleged or proved. Fehrman died on the 19th of September, 1897, and the usual proof of death was promptly served on the defendant.

The relief demanded was that the name of the plaintiff be substituted in the place of the beneficiaries named in the policy and that she have judgment upon the policy as thus reformed. The answer is substantially a general denial. No attempt was made by the defendant to raise the objection that there was a defect of parties defendant by demurrer or answer, but upon the trial, at the close of the evidence, its counsel moved to dismiss the complaint on the ground, among others, "that there is a defect of parties defendant here; the instrument that is sought to be reformed is payable to Max Fehrman or his executors, administrators or assigns, and neither of those parties nor the next of kin are parties to the action." The motion was denied and the defendant excepted. The trial court found the facts substantially as alleged in the complaint, directed a reformation of the policy as therein demanded and awarded judgment to the plaintiff thereon for the amount claimed. After affirmance by the Appellate Division, two of the justices dissenting, the defendant came here.

*William Ogden Campbell* for appellant. There was a defect of parties defendant. (Code Civ. Pro. § 452; *Osterhoudt* v. *Board of Suprs.*, 98 N. Y. 239; *Peyser* v. *Wendt*, 87 N. Y. 322; *Sherman* v. *Parish*, 53 N. Y. 483; *Mahr* v. *N. U. F. Ins. Society*, 127 N. Y. 452; Story's Eq. Pl. ¶ 72.)

*Walter Large* for respondent. The non-joinder of Fehrman's next of kin has been waived by the defendant. (*Gray* v. *Schenck*, 4 N. Y. 460; *Sherman* v. *Parish*, 53 N. Y. 483;

*Mahr* v. *N. U. F. Ins. Society*, 127 N. Y. 452; *Osterhoudt* v. *Board of Suprs.*, 98 N. Y. 239.)

VANN, J. By the judgments below the names of the beneficiaries in a policy of life insurance were stricken out and the name of a stranger substituted as sole beneficiary without making the former parties to the action or giving them an opportunity to be heard. This has been done upon the ground that the insurance company, which is the sole defendant, waived the objection that there was a defect of parties defendant by not taking it either by demurrer or answer as provided by section 499 of the Code of Civil Procedure. That section, however, must be read in connection with section 452, which provides that "The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

The apparent inconsistency between these sections was the subject of controversy before the courts for a long time, but we think it was dispelled by the judgment in *Osterhoudt* v. *Board of Supervisors of the County of Ulster* (98 N. Y. 239, 243). That was an action by taxpayers to vacate audits of town accounts for illegality and fraud, and to restrain the levy of a tax for their payment. The persons in whose favor the audits were made were not parties to the action, and while the defendants omitted to raise the objection by demurrer or answer, they raised it upon the trial, where it was overruled. In reversing the judgment rendered in favor of the taxpayers we said: "Construing sections 452 and 499 together, their meaning is that a defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of relief on that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment and the controversy cannot be completely

determined without their presence, the court must direct them to be made parties before proceeding to judgment. When a defendant is sued alone upon a joint contract, if he omits to set up a non-joinder of his co-contractor by demurrer or 'answer, judgment may pass against him alone, because judgment against one joint contractor will not prejudice the other, but may relieve him from liability. The other branch of the rule would be illustrated by an equitable action brought for the cancellation of a mortgage, executed to two persons as mortgagees, in which only one. of the mortgagees was made defendant. The court could not proceed to a decree for the plaintiff without the presence of the other mortgagee. The distinction is between those who are necessary parties and those who are proper parties merely. When persons who are necessary parties are not joined, the court will not proceed until they are brought in. * * * Under the Code the court is bound to take the objection when a proper case is presented."

It was further held that the persons in whose favor the audits had been made were necessary parties, because they were " primarily interested," and the judgment was reversed because they had not been joined.

Referring to section 452 in a still later case (*Mahr* v. *Norwich Union F. Ins. Socy.*, 127 N. Y. 452, 459), the court said : " While the statute does not in terms prohibit the court from determining the controversy, unless all the necessary parties are brought in, that is impliedly commanded, and is the established practice in all equitable actions." (Citing, among other cases, *Peyser* v. *Wendt*, 87 N. Y. 323; *Sherman* v. *Parish*, 53 id. 483 ; *Van Epps* v. *Van Dusen*, 4 Paige, 64.)

A court of equity always seeks to do complete justice and to make its judgments so full and comprehensive as to quiet the controversy in all its aspects and as to all persons. Thus every one who is compelled to obey its decrees is protected, further litigation is prevented, and the unseemly spectacle of inconsistent judgments rendered by the same court is avoided.

The plaintiff insists that the rights of the personal repre-

sentatives of Max Fehrman are not prejudiced by the judgment appealed from, because they are not bound by it and can still recover upon the policy, notwithstanding the judgment of reformation rendered in this action. This might lead to inconsistent judgments and a double recovery, which is precisely what section 452 was designed to prevent. Moreover, the hazard of collecting a second judgment in favor of a different plaintiff against the same defendant upon the same cause of action might in some cases be an important consideration and the remoteness of the risk in this case does not affect the principle. The court cannot know how great the risk may be and hence should not permit it, even if it thinks it is remote. A complete determination of a controversy cannot be had when there are persons, not parties, whose rights must be determined, in form at least, at the same time that the rights of the parties to the action are determined. According to the policy under consideration, as it was written, the personal representatives of Mr. Fehrman are entitled to the proceeds, yet the judgment below, rendered without notice to them, takes the policy away from them and gives it to the plaintiff. They had a material interest in the subject-matter of the action, yet they were deprived of it without an opportunity to be heard and were cast in judgment without being sued. While they were not bound by the judgment which does all this in form, still the determination of the controversy is necessarily incomplete because they are not bound. Such a judgment, although not binding, would affect the market value of the policy and tend to prevent a disposition thereof either absolutely or as collateral to a loan. There cannot be a complete determination as to which of two persons is the beneficiary of a life insurance policy without the presence in court of both. The personal representatives of Fehrman were necessary parties and the court should have dismissed the complaint unless within a reasonable time they were brought in, not necessarily for the protection of the defendant as it had neglected its rights, but for their own protection, as well as the seemly and orderly administration of justice.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HAIGHT, J. (dissenting).    I do not think that the provisions of section 452 of the Code of Civil Procedure were intended to cover a case of this character ; and I do think that sections 488 and 499 of the Code, to the effect that where it appears upon the face of the complaint that there is a defect of parties, the objection thereto must be taken by demurrer or answer, or else it will be deemed to have been waived by the defendant, have been practically nullified by the construction given by the prevailing opinion.    The purpose of this latter section of the Code was to require the question of defect of parties to be raised at the earliest possible moment, either by demurrer or answer, so as to avoid the involving of the plaintiff and the public in the expenses of a long and useless trial upon the merits.    If the insurance company can wait until the final close of the trial, and then by motion for direction of a verdict raise the question of defect of parties for the first time in a case of this character, I see no reason why it may not be done in every case ; and thereby the express provision of the statute that it should be deemed waived by the defendant becomes of no force or effect, and the county may in every case be subjected to the expense of maintaining a trial upon the merits, when it would have been unnecessary had the objection been seasonably made.

Section 452 of the Code was designed for a different purpose, and, to my mind, is not in conflict with the provisions of section 499.    Indeed, we are required to construe the provisions together for the purpose of making one harmonious system of practice.    It often occurs upon the trial of cases that the names of persons are disclosed who have an interest in the subject-matter of the litigation, who have not been made parties, and where the defect does not appear upon the face of the complaint.    In all such cases the provisions of section 452 apply.    The court, therefore, " may determine the controversy, as between the parties before it, where it can do

so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in." Under this provision the court is given the power to determine the controversy, as between the parties before it, unless in doing so it is going to prejudice or destroy the rights of others who are not parties. The recovery of a judgment in this case against the insurance company does not prejudice or destroy the rights of the executor or administrator and assigns of the decedent, if such there be. They have not been made parties to this action, and are not in any way bound by the determination made. Their rights are neither prejudiced nor destroyed. The defendant alone is affected by the judgment. It may, under some remote contingency, be required to pay this insurance again. But this insurance company is not an infant or ward of the court. It is fully able to take care of its own interests, and we need not be concerned therewith. It had the right to save itself from double liability by raising the question of defect of parties by demurrer or answer, but it did not see fit to do so. Instead, it proceeded with the trial. It could have protected itself by giving notice of the bringing of the action to the personal representatives of the decedent, and asking them to defend. It may have done so, and the personal representatives of the decedent may be here defending in the name of the insurance company. We are not advised as to the steps taken by the insurance company to protect itself, nor is it any part of our duty to ascertain. The presence of other persons to the controversy, which the court must direct to be brought in, is fairly illustrated by the case of *Osterhoudt* v. *Board of Supervisors of Ulster Co.* (98 N. Y. 239). That was a taxpayer's action brought against the board of supervisors to prevent waste, by annulling the audit of the bills of certain individuals, and to restrain the board from levying a tax for their payment, upon the ground that the claims were illegal, inequitable, unjust, false and fraudulent. It will at once be seen that the very purpose of the action

was to affect the rights of the claimants who were not made
parties, by restraining the levying of the tax for their pay-
ment. In such a case they were necessary parties, and the
court very properly held that they must be brought in.

Again, section 499 of the Code provides a statutory and
mandatory rule of pleading. Defect of parties must be
raised by demurrer or answer when the defect appears upon
the face of the complaint. This rule of pleading is as posi-
tive and distinct as the rule that the material allegations of
the complaint shall be denied by the answer, or else they shall
be deemed admitted; or that the Statute of Limitations must
be pleaded or deemed waived. If the courts can disregard
this requirement to raise the question by demurrer or answer,
they may with equal propriety disregard the requirements for
denials of complaints, or of the pleading of the Statute of
Limitations.

The complaint in this action demands judgment for the sum
of $135, with interest thereon from September 29th, 1897.
This is the final relief sought by the plaintiff. In order to
recover this amount the plaintiff asks that the policy be
reformed by inserting the plaintiff's name in the place of the
executor, administrator and assigns of the decedent. The
decedent appears to have been a poor person; unable to pay
his board bill, and we are not advised as to whether he left a
will or that the same has been proved, or that any adminis-
trator has been appointed of his estate. If there has been,
he may become a rival claimant with the plaintiff for the
insurance. Cases of this character are not uncommon, and
wherever rival claimants appear the courts have always per-
mitted the insurance company to interplead them if it so
desired. But in no case have I ever heard of its being a ground
for dismissal of complaint where the insurance company has,
for reasons of its own, neglected to interplead.

This court is, by the Constitution, limited in its judgment
to the review of questions of law only. It has no power to
review discretionary rulings or orders of the court below. In
this case the defendant's counsel, at the close of the testimony,

31

"renewed his motion to dismiss the complaint on the same grounds as stated at the close of the plaintiff's case; and on the further ground that there is a defect of parties defendant." The motion was denied and the defendant excepted. The motion, as we have seen, was to dismiss the complaint, not to stop the trial and have the necessary parties brought in, but to deprive the plaintiff of her cause of action by the dismissal of her complaint. I do not understand that the court could properly have dismissed the complaint upon this ground; the most that it had the power to do was to stop the trial, and to make an order for the bringing in of the necessary parties. Consequently, the exception taken to the refusal to dismiss the complaint presents no error of law upon which this court can properly base a reversal. I, therefore, favor an affirmance.

PARKER, Ch. J., GRAY and BARTLETT, JJ., concur with VANN, J.; O'BRIEN and MARTIN, JJ., concur with HAIGHT, J.

Judgment reversed, etc.