MORGAN et al. v. MUTUAL BEN. LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

1. INSURANCE—ASSIGNMENT OF POLICY—RIGHT OF ASSIGNEE—ACTIONS—PARTIES.

Where an assignment of a life policy as collateral security vests the title thereto in the assignee, payment by the insurer to the assignee of the amount due him is a discharge of the claim on the policy to the extent of the payment, and therefore, in an action by the assignee against the insurer for the amount due him, the beneficiaries are not necessary parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1560, 1561.]

2. SAME.

The mere fact that an assignment of a life policy was made as collateral security, and that the beneficiaries therein might reinvest themselves with title to the policy by paying the amount due to the assignee, did not deprive the assignee of the right to collect the amount due to him from the insurer.

3. SAME.

An assignee of a life policy as collateral security for advancements of premiums, who sues the insurer for the amount advanced, is not required to bring in persons claiming adversely to him as parties to the action, though such persons have commenced an action against the insurer in other states, and though a judgment obtained against the insurer in the action by the assignee may not protect it against the claims of such persons.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1561.]

4. PROCESS—SUBSTITUTED SERVICE—PUBLICATION—SUBJECT OF ACTION—STATUTES.

The subject-matter of an action on a life policy by an assignee thereof as collateral for premiums advanced thereon brought for the amount of the debt against the insurer and the beneficiaries in the policy is specific personal property within Code Civ. Proc. § 438, subd. 5, authorizing service of summons on a nonresident defendant by publication, where the complaint demands judgment that defendant be excluded from an interest in personal property, defined by Laws 1892, p. 1486, c. 677, § 4, to include written instruments by which any financial obligation is created, etc., and a nonresident beneficiary may be served by publication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 100.]

5. SAME—SITUS OF PERSONALTY.

A foreign insurance company complied with Insurance Law, Laws 1892, pp. 1941, 1942, 1945, c. 690, §§ 25, 26, 30, relating to foreign insurance companies doing business in the state, and issued in the state a life policy to a resident thereof, who, with its consent, assigned it to another resident as collateral security for advancements of premiums. The assignee died a resident of the state, and the trustees of his will held the policy as an asset of his estate. *Held*, that the subject-matter of an action by the trustees against the company and the beneficiaries in the policy for the amount of the advancements was personal property having a situs within the state within Code Civ. Proc. § 438, subd. 5, authorizing the service of summons on a nonresident defendant by publication, where the complaint demands judgment that defendant be excluded from an interest in personal property within the state, and a nonresident beneficiary might be served by publication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 100.]

Spring and Robson, JJ., dissenting.

Appeal from Special Term, Erie County.

Action by Susan M. Morgan and others, as trustees of Dayton A. Morgan, deceased, against the Mutual Benefit Life Insurance Company and others. From an order denying a motion to vacate an order for the service of summons by publication on certain nonresident defendants, defendant, the Mutual Benefit Life Insurance Company, appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Joseph H. Morey, for respondents.
L. L. Babcock, for appellant.

KRUSE, J. The defendant insurance company, although it has been properly served with the summons, attacks the order directing the service by publication of the summons upon its nonresident codefendants, upon the ground that such service will not be effective and a judgment so obtained will not be binding upon the defendants served in that manner.

The action is brought upon a life insurance policy of $5,000, issued by the insurance company and delivered in this state to a resident thereof, who assigned the same, with the consent of the insurance company in the state, the assignee also being a resident thereof. The policy is now in the state, and held and owned, as the complaint alleges, by the plaintiffs, who are trustees under the will of the assignee, and are likewise residents of the state. The assignment was made as collateral security for premiums advanced by the assignee upon the policy, amounting to about the sum of $4,500, and which is the sum claimed by the plaintiffs, leaving due to the beneficiaries about $500, to which the plaintiffs make no claim. The beneficiaries are made codefendants with the insurance company. They are all nonresidents of this state, residing in the states of California, Iowa, Missouri, and Colorado. The insurance company is a foreign corporation, incorporated under the laws of the state of New Jersey, but does business in this state under a license issued by the superintendent of insurance, and is subject to the laws of this state as regards the business done here, having made deposits of securities with the superintendent of insurance for the protection of its policy holders, and appointed him as its agent and attorney, upon whom all process may be served the same as though the insurance company were a domestic corporation. The policy does not seem to fix a particular place of payment by its terms.

The insurance company admits its liability upon the policy upon which the plaintiffs' cause of action is based. It contends, however, that there are conflicting claimants to the insurance moneys, and sets up in its answer the pendency of another action by its codefendants against it in the state of California to recover upon the same policy. The question which the defendant insurance company seeks to have determined upon this appeal is whether a judgment so obtained against it and its codefendants will be binding upon its codefendants as between itself and them, and so protect the insurance company in paying out the moneys due upon the policy in accordance with the judg-

ment which may be rendered in the action.  The motion to vacate the order of publication was made on the same papers upon which the order was granted.  Whether the defendants upon whom such substituted service was directed to be made have been served does not appear, nor is there any suggestion in the record that they may not appear and waive any infirmity in the order, if any there be, or that they have not already done so.  Under these circumstances it may well be doubted that the question raised by the insurance company is properly before the court for determination.  Neither is it at all certain that the action may not proceed against the insurance company alone in the event that the plaintiffs will be unable to obtain service of the summons upon its codefendants, or that they do not voluntarily appear in the action. It is true that the plaintiff has made them parties defendant, and the judgment demanded indicates that the relief sought is to declare a lien upon the policy of insurance and the moneys due thereon, to the amount of the plaintiffs' claim.  If the plaintiffs have not the legal title thereto, but only an equitable interest therein, very likely the individuals who have the legal title are required to be made parties to the action with the insurance company.  Steinbach v. Prudential Insurance Company, 172 N. Y. 471, 65 N. E. 281.  The facts set forth in the complaint, however, seem to warrant the conclusion that the defendants impleaded with the insurance company, while proper parties, may not be necessary parties to the action, and, if so, the action may proceed without them.  Although the assignment was made and the policy is now held as security for the payment of moneys advanced by the assignee as premiums upon the policy, still, if the assignment vested the title thereto in the assignee, payment by the insurance company to the plaintiffs of the amount due them thereon would be a satisfaction and discharge of the claim to the extent of such payment.

The complaint alleges the assignment of the policy to the plaintiffs' testator, and further alleges that the plaintiffs are now the holders and lawful owners of the policy as security for the payment of the moneys paid as therein stated, amounting to the sum named.  The mere fact that the assignment was made as collateral security, and that the beneficiaries therein named may reinvest themselves with title to the policy by paying the amount due to the plaintiffs, does not deprive them of the right to collect the amount due to them from the insurance company.  The claim is a direct liability against the insurance company. The fact that there are conflicting claimants to the insurance moneys, or that there are suits threatened or have since the commencement of this action been brought against the insurance company in other states, is not sufficient reason for requiring the plaintiffs to bring in all other persons claiming adversely to them as parties to this action, nor to refrain from proceeding in this action against the insurance company without them.  If embarrassment arises to the insurance company from conflicting claimants residing in different states and bringing actions therein upon the same claim, it is the necessary result of going out of the state where it was incorporated into other states and doing business therein, and voluntarily submitting itself to the conditions imposed by the laws of the particular state in which it carries on the business.  It is no answer to such actions that a judg-

ment obtained against it may not protect it against claims of other persons not parties to the suit, although, as a matter of comity, proceedings in an action may be stayed where there is a pending action in another state in which the controversy between the parties may be adjudicated. Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Douglass v. Phœnix Insurance Co., 138 N. Y. 209, 221, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. Assuming, however, that the insurance company may at this time and in this manner question the validity of the order, we are of opinion that the order was properly granted. The nonresidence of the defendants directed to be served by publication and the inability to serve personally in this state is conceded. The insurance company urges that the subject-matter of the action is not specific personal property within the meaning of subdivision 5 of section 438 of the Code of Civil Procedure, and therefore the judgment would be inoperative, since nonresidence alone is insufficient to authorize the order for substituted service. Montgomery v. Boyd, 60 App. Div. 133, 70 N. Y. Supp. 139. Section 438 of the Code provides that an order directing the service of summons upon a defendant without the state or by publication may be made when the defendant is not a resident of the state, and, also, among others:

"(5) Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property."

The statutory construction law defines the term "personal property" as follows:

"The term 'personal property' includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership. The term chattels includes goods and chattels." Section 4, Laws 1892, p. 1486, c. 677.

It is, however, urged on behalf of the insurance company that the subject-matter of this action is not personal property having a situs within the state. As has already been pointed out, the insurance company, although a foreign corporation, incorporated under the laws of the state of New Jersey, does business in this state under a license issued by the superintendent of insurance, and is subject to his supervision the same as a domestic insurance company. Insurance Law, Laws 1892, p. 1941, c. 690, § 25. It is required to keep securities on deposit with the superintendent of insurance to be held in trust for the benefit of the policy holders. Insurance Law, § 26. It is also required to execute and file a written appointment of the superintendent of insurance as agent and attorney in this state, upon whom "all lawful process in any action or proceeding against the corporation may be served with the same effect as if it was a domestic corporation. Service upon such attorney shall thereafter be deemed service upon the

corporation." Insurance Law, § 30. The policy was issued in the state to a resident thereof, and was assigned by him with its consent to another resident of the state, who died a resident thereof, leaving the policy as an asset of his estate, and is now in the state, held and owned by trustees of his will appointed by, and under the control of the courts of this state. It is payable in the state, although not in express terms, and the securities deposited by the insurance company are held by the superintendent of insurance as security therefor. Under these circumstances, we think the insurance company must be regarded as an inhabitant of the state so far as all matters in the suit are concerned, and the situs of the subject-matter of the action as within this state.

The question of the situs of intangible rights and claims of this character have frequently arisen in attachment proceedings and judgments based thereon attacked for want of jurisdiction, where personal service of process was not made upon the parties against or upon whose right or claim such process or adjudication was made. We are well aware that the decisions upon that question may not be in accord (20 Cyc. 1036, 1037), and we shall not attempt to reconcile them. The courts of our own state have frequently passed upon the question, and the following cases may serve as types of two classes, one where the proceeding has been held ineffective and void, and the other where the proceeding has been held valid: Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; National Broadway Bank v. Sampson, 179 N. Y. 213, 71 N. E. 766, 66 L. R. A. 606, 103 Am. St. Rep. 851; India Rubber Co. v. Katz, 65 App. Div. 349, 72 N. Y. Supp. 658; Lancaster v. Spotswood, 41 Misc. Rep. 19, 83 N. Y. Supp. 572, affirmed in 86 App. Div. 627, 83 N. Y. Supp. 1109. In the first two cases it was held, upon the state of facts as there presented, that the attachment proceedings and adjudication based thereon was not effective, while upon another state of facts somewhat different the last two cases held the attachment good and the proceedings valid. The facts of the two classes of cases are alike in many respects. We need not stop to point out the precise difference. We assume that they are in entire harmony and accord, but think that the facts in this case are quite analogous to those in the last two cases, and that this case is within that class where the attachment was upheld and the seizure thereunder effective. The question has been quite recently before the United States Supreme Court in two cases. Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023; Louisville & Nashville Railroad Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. 426. In the Harris Case a resident of North Carolina, who was owing another resident of that state, went temporarily to Maryland, and while there was garnisheed by the creditors of the man whom he was owing in an action brought in a court of that state; the principal defendant therein being served with process by publication according to the laws of that state. Judgment was entered and the garnishee paid the same. After the garnishee's return to the state of North Carolina he was sued by his creditor in that state. He pleaded the Maryland judgment and payment thereof as a defense, but the North Carolina court refused to recognize the

judgment and payment so made, and directed judgment against him. The United States Supreme Court reversed the judgment of the North Carolina court, and held that, under the full faith and credit clause of the federal Constitution, the Maryland judgment should have been recognized, and that the payment thereof extinguished the original debt; Mr. Justice Peckham saying (page 223 of 198 U. S., p. 627 of 25 Sup. Ct. [49 L. Ed. 1203]):

"We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that state and its laws permitted the attachment."

The question was again presented in the Louisville & Nashville Railroad Company v. Deer, supra. In that case it appeared that the railroad company did business and was liable to service and suit in the state of Florida, and was owing a resident of the state of Alabama. The creditor of the latter brought suit in Florida, in which the railroad company was summoned as garnishee; the Alabama creditor, the principal defendant therein, being served by publication only. A judgment was recovered, the railroad company paying the sum due thereon into court. Thereafter the Alabama creditor brought suit against the railroad company in the state of Alabama. The Alabama court refused to recognize the Florida judgment and the payment made thereon, and upon appeal to the United States Supreme Court that judgment was reversed; it being held that the Florida judgment was valid against the Alabama creditor, and that the Alabama court should have given full faith and credit thereto under the provisions of the federal Constitution. It would seem, therefore, that under these decisions of the United States Supreme Court a claim for moneys due upon this policy from the insurance company to its nonresident codefendants would be subject to an attachment in this state by a creditor of such nonresident codefendants, for they themselves could sue the insurance company in this state upon their claim, and, if so, their creditors could attach the claim. So that whether the plaintiffs are creditors of the insurance company or of the nonresident codefendants, or merely have a lien, it would seem to follow that the claim based upon the policy and the moneys due thereon has such a situs in this state as to enable the courts of the state to pass upon and subject it to their jurisdiction by the proper process. Even if our local laws as declared by the courts of this state are inadequate to subject such a claim to seizure under a warrant of attachment, yet that is not decisive of the question involved in this case, since this proceeding is not an attachment. If the subject-matter of this suit and the cause thereof is specific personal property within the state, although not attachable, it may be acted upon by the courts of this state, and the adjudication thereof be binding upon all the parties to the suit as a judgment in rem.

The suggestion is made that, the insurance company having been incorporated under the laws of the state of New Jersey, its domicile is there, and this suit may be maintained in the courts of that state. Undoubtedly that is true, but it also has at least a quasi domicile in this state. The very purpose of requiring it to deposit securities and appoint the superintendent of insurance as its agent and attorney was

to secure its policy holders and subject the company and its property within this state to the jurisdiction of our courts. In the case of New England Life Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379, where it appeared that the husband of the insured commenced an action in the state of Illinois against the insurance company organized under the laws of the state of Massachusetts upon a policy of insurance, the insured having died in the state of New York, the plaintiff thereafter going into the state of Illinois, and taking the policy with him, it was held that the action was maintainable in the Illinois court, and that the company might be regarded as present and an inhabitant of the state where it had an agent upon whom pursuant to the laws of that state process might be served. That case was cited with approval and the principle applied in the case of Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379.

If such an action as this is not maintainable in the courts of this state, and the insurance company may resist payment on the policy without making all of the persons claiming an interest in the moneys due thereon parties to the suit, serving them personally with process, it is difficult to see how the company can be compelled to pay at all, unless all of the persons are in accord and unite in one suit or voluntarily appear therein, since the claimants reside in five different states. Certainly there is no more reason for bringing the action in the California court than here.

The order should be affirmed, with $10 costs and disbursements. All concur, except SPRING and ROBSON, JJ., who dissent.

SPRING, J. (dissenting). The appellant is a life insurance corporation organized in the state of New Jersey, but authorized to transact business within the state of New York. In 1886 it issued a policy of insurance to Elizabeth A. Morgan upon the life of her husband, Orson A. Morgan. The policy provided that, in case the wife died before the insured, the amount of such insurance should be payable to his children. The policy, by its terms, was forfeitable in the event of the failure to pay the annual premiums stipulated in the instrument as they came due. On the 26th of March, 1871, the said Morgans were unable to continue the payments of said premiums, and assigned the same and all money due or to grow due thereon, with the assent of the appellant, to one Dayton A. Morgan, upon the agreement that said assignee pay said premiums, and the assignment was to be operative until all sums paid by him for premiums, with interest, should be repaid to him. Relying upon said assignment, the said Dayton A. Morgan, and after his death his successors in interest, now represented by the p'aintiffs, continued to pay all the premiums in accordance with the policy until the death of the insured in May, 1905. The aggregate sum so paid is $4,483.80, which the plaintiffs seek by this action in equity to establish, with interest, as a lien upon said policy and the money payable by its terms. The wife of the insured died a year before his death, and his children, all nonresidents of this state, are the persons upon whom substituted service was ordered. The insured and his wife, at the time of the issuance of the policy, were residents of the state of

New York and were at the time of the assignment thereof to D. A. Morgan, who was also a resident of this state and continued to be until his death, and his will was admitted to probate in this state, and the plaintiffs, his successors in interest, also have their abode here. The assignee retained the policy and assignment until his death, and at the time of the commencement of this action these papers were in possession of the plaintiffs by transmission from the assignee. An order for publication of the summons to bring in these nonresident children of the insured was granted by a justice of the Supreme Court, and a motion was made at Special Term by the appellant to set aside this order, which motion was denied. Since the commencement of this action the children of said insured have commenced an action in the superior court of California, and which is a court of competent juris-diction, to recover upon the policy issued by the defendant, and that action is now pending, due service having been made upon the appellant.

The order for publication was granted pursuant to section 438, subd. 5, Code Civ. Proc. That section provides that such an order may be made "where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or, that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property." The point of the controversy before us on this appeal is whether this policy of insurance is "specific personal property within this state"; and the proposition is a very troublesome one. The policy, as already noted, was delivered in this state and the first intended beneficiary and the insured resided here. Upon the death of the insured, his children be-came the beneficiaries, and they are the creditors and the insurance company the debtor. The plaintiffs are not creditors of the insurance company. Dayton S. Morgan, the original assignee loaned, "ad-vanced," to the wife of the insured the amount of the first premium, and thereafter, at her request, continued to pay the premiums as they matured from year to year. The policy was assigned, not absolutely to Morgan, but as a pledge for the payment of the debt. It may be that it was the expectation of the parties that repayment should come eventually from the avails of this policy, but Mrs. Morgan and the children would have been entitled at any time to a return of the policy and a cancellation of the assignment upon the payment of the debt se-cured by it. The insurance company agreed to pay the sum of $5,000 upon proof of death of the insured, which has been furnished, to Elizabeth Morgan if living upon the decease of her husband, and, in the event of her death, to the children of the deceased. The proposi-tion is quite firmly established that the situs of a debt is at the abode of the creditor. Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. There is an exception in favor of the creditor of a nonresident creditor in attachment pro-ceedings whereby the situs of the debt is at the domicile of the debtor. In this case the domicile of the debtor is in New Jersey, unless some-thing in this transaction, or because it does business in this state, makes its domicile here. Undoubtedly the appellant could be sued in this state on this insurance contract. No one questions that. The

privilege of doing business is accompanied with the necessity of submitting to our jurisdiction. It has been sued, and answered. The plaintiffs are, however, endeavoring in a suit in equity to have determined the rights of conflicting claimants to the debt due because of the policy. The complaint shows the interest of the nonresident claimants, and their presence in the action is essential before a complete determination of the case can be had. Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281. The burden is upon the plaintiffs to bring in these parties (Mahr et al. v. N. U. Fire Ins. Co., 127 N. Y. 452, 28 N. E. 391); and they realized this necessity, for they have made them defendants in name, and by the order of publication claim to have acquired jurisdiction over them sufficiently to enable the court to determine the extent of their interest, if any, in this debt evidenced by the policy of insurance.

An insurance company doing business in various states is subject to an action on a policy issued by it in each jurisdiction, but comity among the states would probably prevent more than one recovery, and the first action would be likely to have the precedence. Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379. The presence of the policy is not essential to the maintenance of the action, although a circumstance in aid of it. The res, or substantial thing, is the debt of which the policy is the evidence. Administrators of an intestate may be appointed in several states and claimants of the insurance may reside in each of them, and may bring actions at their places of residence to recover the amount due by the terms of the policy. The present case is not of that class. The action is in equity based upon the averment of an indebtedness to the plaintiffs' assignor secured by the policy, and the purpose of the action is to establish the claim of the plaintiffs by reason of the premiums paid and make the claim a paramount lien upon the policy and the debt. The controversy is not with the insurance company, but with the nonresidents they desire to bring within our state to enable the litigation to be carried on. The only interest the insurance company has is to be certain that the nonresidents are brought within the judicial domain of this state, so that the judgment in rem will be effective and a bar to any action by the children of the insured, to whom, upon the face of the policy, the insurance moneys belong. If this were an action at law to recover the amount due by the terms of the policy, a different proposition might be presented from the one with which we now have to deal. A levy under a warrant of attachment is made upon personal property where manual delivery can be had, "including a bond, a promissory note, or other instrument for the payment of money, by taking the same into the sheriff's actual custody" (section 649, subd. 2), and "upon other personal property by leaving a certified copy of the warrant * * * with the person holding the same," if the property be a demand "other than specified in the last division, with the person against whom it exists (subdivision 3). In these subdivisions, therefore, distinct classes of personal property require different modes of service. Where the property is susceptible of delivery in specie, one method of service is provided for, and in that class of property is included an instrument for the payment of money. Where

property is so intangible as not to be deliverable manually, like a debt or demand, another mode of service of the warrant is prescribed. Cases arising under these subdivisions may consequently be relevant in the consideration of the character of this policy.

In Trepagnier & Bros. v. Rose, 18 App. Div. 393, 46 N. Y. Supp. 397, it was held that a fire insurance policy under which a loss had occurred and been adjusted was not an instrument for the payment of money within subdivision 2, § 649. Upon appeal to the Court of Appeals (155 N. Y. 637, 49 N. E. 1105) the question certified was as follows:

"Is a policy of fire insurance under which a loss has occurred which has been adjusted, and under which nothing remains to be done but the payment by the insurer to the insured of a fixed sum of money, an 'instrument for the payment of money' within the meaning of subdivision 2 of section 649 of the Code of Civil Procedure, and is a valid levy under a warrant of attachment made on such a policy by serving a certified copy thereof on the proper officer of the insurer, the policy itself not being taken into the sheriff's actual custody?"

The court answered the first branch of the question in the negative, and the second in the affirmative. The effect of the decision, therefore, was that an insurance policy is not property capable of manual delivery, but the debt which it represents is the res, or property right. The same principal was recognized in Kratzenstein v. Lehman, 19 App. Div. 228, 46 N. Y. Supp. 71.

In these cases in construing subdivision 2 of section 649 there is no suggestion that an insurance policy is personal property capable of manual delivery, unless it comes within the definition of an instrument for the payment of money. It therefore must be a mere evidence of the obligation instead of the debt or demand itself. In N. Y. Life Ins. Co. v. Universal Life Ins. Co. et al., 88 N. Y. 424, in construing section 1778 of the Code of Civil Procedure, it was held that a policy of life insurance is not "evidence of debt for the absolute payment of money upon demand, or at a particular time" within the meaning of that section. A foreign insurance corporation retains the domicile of its origin, however extensive its business may be, and although it may have other jurisdictions for certain purposes. The enlargement of the business of insurance has made it necessary that each state safeguard its policy holders by requiring, among other things, that the foreign corporation shall be amenable to the service of process within the state, but that does not change the situs of the corporation. In Douglass v. P. Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, an insurance corporation issued a fire insurance policy to a resident of Franklin county in this state upon property in that·county, which was destroyed by fire, the loss exceeding the amount of the insurance. The insurance company was doing business in the state of Massachusetts with an agent upon whom process might be served. An action was commenced in that state by a creditor of the insured against him and the insurance corporation, and a levy was claimed to have been made upon the debt evidenced by the policy of insurance pursuant to the warrant of attachment. The insured commenced an action in this state on the policy and the insurance company answered, pleading the Massachusetts attachment action, and alleged

that by the levy the debt became subject to the control of the court in that state. The plaintiff demurred and the demurrer was sustained by the Court of Appeals. The court, in passing upon the effect of the appointment of an agent in that state, say at page 220 of 138 N. Y., p. 940 of 33 N. E. (20 L. R. A. 118, 34 Am. St. Rep. 448):

"It has been held that by such act the corporation does not change its domicile of origin or its residence. It becomes bound by judgments rendered upon service on the designated agent, because it has consented so to be bound, but it remains as before a resident of the state where it is incorporated."

Further, in commenting upon the question of jurisdiction:

"We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor. * * * This court has disclaimed jurisdiction in the courts of this state to attach debts owing by a foreign corporation, or interests in the stock of such corporations belonging to nonresidents by notice or process served on the agents of such corporations in this state."

In Plimpton et al. v. Bigelow, 93 N. Y. 592, shares of stock owned by nonresidents were attached in this state in which the corporation had an office, with the president and officers carrying on the corporate business, and the court in considering whether the shares of the nonresidents could be levied upon in the attachment proceeding used this language at page 598:

"But we regard the principle to be too firmly settled by repeated adjudications of the federal and state courts to admit of further controversy that a corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction."

And again at page 602:

"We are therefore of the opinion that the fundamental condition of attachment proceedings, that the res must be within the jurisdiction of the court in order to an effectual seizure, is not answered in respect to shares in a foreign corporation by the presence here of its officers, or by the fact that the corporation has property and is transacting business here."

These cases are reviewed at length and affirmed in Nat. Brd. Bank v. Sampson, 179 N. Y. 213, 71 N. E. 766, 66 L. R. A. 606, 103 Am. St. Rep. 851, and the court says at page 225 of 179 N. Y., page 769 of 71 N. E. (66 L. R. A. 606, 103 Am. St. Rep. 851):

"It seems clear that a debt, to be subject to attachment, must have a situs somewhere and can be impounded only in the jurisdiction where such situs exists, which is clearly where either the creditor or debtor resides. The laws relating to attachments do not authorize a proceeding in this state to seize a credit owing to a resident of another state, where neither the creditor nor the debtor is a resident here. Nor, as we have seen, could the state make a debtor a resident by so declaring, when such was not the fact."

See Von Hesse v. Mackaye, 55 Hun, 365, 8 N. Y. Supp. 894, affirmed on opinion below, 121 N. Y. 694, 24 N. E. 1099.

All these cases recognize that the situs of the debt is ordinarily that of the creditor, except that in attachment proceedings it may be at the domicile of the debtor. As already stated, the residence of none of the

creditors is in this state and the domicile of the debtor is New Jersey. It seems to me that the scope of the prevailing opinion is fundamentally erroneous in deciding that these lienors are creditors of the insurance company. They are creditors of the Morgan representatives, but not of the appellant. The plaintiffs would have proceeded by attachment if the policy had not been in their possession, if the position they contend for is correct. They then would have been like the Massachusetts creditor in Douglass v. P. Insurance Company, supra, only the policy would have been in this state. The proposition is fundamental that in proceedings to reach property of a nonresident it must be within the state. If it be a bin of grain or a pile of iron ore, it is tangible and the judgment can readily fasten upon it, or it can be delivered to the judgment creditor. If the property is intangible, it is equally leviable by warrant of attachment, only the res must be within the state. If it be a note or instrument for the payment of money, manual delivery is possible. If it be a debt of a foreign corporation, not represented by a note, the debt follows the domicile of the body corporate and judgment must be awarded in its state. The manner of service provided in subdivision 3, § 649, denotes that the paper, whatever it may be, is of no more than nominal value when disconnected from the demand itself, unless the instrument be for the payment of money. Of course, an action of replevin or trover would lie to recover an insurance policy if wrongfully taken from the custody of its owner. Its recovery might not establish the title to the money due on it. A like action would be maintainable to recover a deed converted from the true owner, but the value of the deed would not be the value of the premises described in it, and the title of the premises would be unaffected by the judgment, especially if they were in another state.

The only importance of the present action is to determine the rights of the parties to the money due according to the terms of the policy. The money is in New Jersey, and that is the "specific personal property" which the plaintiffs are after. The controversy is between them and the other claimants. Jurisdiction of the insurance company is readily obtainable, but not of these nonresident claimants. Actions have frequently been maintained against life insurance companies, even where they might be subject to other actions, and consequently expense and embarrassment be caused to them. Sulz v. M. R. F. L. Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; New Eng. Ins. Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379; Equitable Life Ins. Co. v. Brown, 187 U. S. 308, 23 Sup. Ct. 123, 47 L. Ed. 190. Those, however, were each an action by an administrator to recover on the policy, and other rival claimants were not made parties. The controversy in each case was solely with the insurance company. The plaintiffs here are endeavoring to exclude parties and asserting that they must be within the jurisdiction of the court before a final judgment can be awarded. The only way a nonresident can be made a defendant against his will is where he has property within the dominion of the state.

In the prevailing opinion the recent cases of Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, and Louisville & Nashville R. R. Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. 426,

are relied upon in support of the validity of the order appealed from. Harris and Balk were both residents of North Carolina, and Harris owed Balk $180. Balk was indebted to Epstein, a resident of the state of Maryland. Harris was in Maryland on business, and Epstein caused a writ of attachment to be issued out of the proper court attaching the debt of Harris to Balk. Harris was personally served with the process. He returned to North Carolina before the return day of the writ, but made an affidavit that he was owing Balk $180, and by his counsel in Maryland consented in the attachment suit to an order condemning him for $180 as such garnishee, and judgment was entered and paid by him. Balk sued Harris in North Carolina to recover the debt, and the latter pleaded the Maryland judgment in bar, was defeated in the trial court, and the judgment was affirmed in the state court on appeal, but was reversed by the United States Supreme Court. To comprehend the decision it is essential to refer to the Maryland statute permitting the writ of attachment. Section 10, art. 9, of the Code of Public General Laws of the state of Maryland, in designating the kind of property capable of being impounded by writ of attachment, provides:

"Any kind of property or credits belonging to the defendant, in the plaintiff's own hands, or in the hands of any one else, may be attached; and credits may be attached which shall not then be due."

The court, in commenting upon this in Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, say at page 224 of 198 U. S., page 627 of 25 Sup. Ct. [49 L. Ed. 1023]:

"Where money or credits are attached, the inchoate lien attaches to the fund or credits when the attachment is laid in the hands of the garnishee, and the judgment condemning the amount in his hands becomes a personal judgment against him. Buschman v. Hanna, 72 Md. 1, 5, 6, 18 Atl. 962. Section 35 of the same Maryland Code provides, also, that this judgment of condemnation against the garnishee, or payment by him of such judgment, is pleadable in bar to an action brought against him by the defendant in the attachment suit for or concerning the property or credits so condemned."

The foundation of the decision is therefore that by the Maryland statute jurisdiction was acquired of the debt due from Harris to Balk. By the statute itself the res followed the debtor. For the purpose of showing the paramount necessity of the local court possessing power to garnish the debt, this significant language is used at page 222:

"Attachment is the creature of the local law; that is, unless there is a law of the state providing for and permitting the attachment, it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then, if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state."

If by subdivision 5, § 438, of the Code of Civil Procedure, which is the authority for the present order, specific personal property had been defined and a policy of life insurance included in the enumeration, jurisdiction would have been acquired and Harris v. Balk would have been germane. A credit is not subject to seizure by attachment in

this state. As was said in Nat. Broadway Bank v. Sampson, supra, at page 225:

"The laws relating to attachments do not authorize a proceeding in this state to seize a credit owing to a resident of another state, where neither the creditor nor the debtor is a resident here."

The opinion in Louisville & Nashville R. R. Co., supra, simply follows the decision in the Harris Case, although the court is particular to state that the attachment proceedings strictly conformed to the state statute.

It is suggested, also, in the prevailing opinion, that the record does not disclose that substituted service of the summons has been made upon the nonresident defendants in pursuance to the order. The motion to set aside the order was made on the papers upon which the order was granted. It was conceded on the argument in this court that service had been made in compliance with the order, and that the nonresident defendants were in default, and the counsel further stated that they desired a decision on the main proposition as an appeal from the order was the least expensive and most expeditious mode of determining the question; and no claim is made in the brief of the respondent's counsel that the nonresident defendants are not in default. The appellant is not responsible for the presence of the nonresident defendants. The plaintiff is asserting a lien upon their property, and their presence is essential to the determination of the respective rights of the parties, and the plaintiff recognized this fact by obtaining the order for publication. The defendant owes the amount claimed in the complaint and is willing to pay, but does not wish to pay the same obligation twice. It assuredly does not follow that the plaintiff would be remediless if the present action is not maintainable. The situs of the debt is in New Jersey, and all the rights of the parties may be determined within that jurisdiction.

The order should be reversed.

ROBSON, J., concurs.