Irving T. Bush, Appellant, *v.* Bird S. Coler, as Comptroller of the City of New York, Respondent, Impleaded with John O'Brien and Others.

*Taxpayer — suit to restrain the payment of judgments entered upon offers of judgment made by the corporation counsel of New York city.*

A taxpayer of the city of New York brought an action to restrain the payment of certain judgments entered against the city upon offers of judgment made by the corporation counsel, which were alleged not to have had the approval of the comptroller or mayor or common council and to be wholly illegal and void. The complaint alleged that the judgment creditors had demanded payment from the city and the comptroller and had threatened to institute proceedings to compel payment of the judgments by the comptroller, and that unless an injunction was granted there was great danger that the comptroller would be compelled to pay the claims. The complaint did not allege, however, that the comptroller intended to pay the judgments.

*Held,* that as the Court of Appeals, on an appeal to it in this case, had decided that the complaint alleged a cause of action against the individual defendants, it must necessarily have determined that the complaint stated a cause of action against the comptroller, and that for this reason a demurrer interposed by the comptroller should be overruled.

Appeal by the plaintiff, Irving T. Bush, from an interlocutory judgment of the Supreme Court in favor of the defendant, Bird S. Coler, as comptroller of the city of New York, entered in the office of the clerk of the county of New York on the 8th day of December, 1899, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining said defendant's demurrer to the complaint.

*Frederic R. Kellogg,* for the appellant.

*Charles Blandy,* for the respondent.

Ingraham, J.:

In this action a taxpayer, under the authority of chapter 301 of the Laws of 1892, seeks to restrain the payment of certain judgments against the city of New York, entered upon offers of the corporation counsel to allow judgments to be entered in favor of the individual defendants other than the comptroller, which, as alleged in the complaint, were executed and verified by the corpo-

ration counsel of the city of New York, claiming to be duly author-
ized by the said municipal corporation to make the same on its
behalf, but that said offers of judgment were not entered into,
made, approved or authorized by the comptroller, or by the mayor
of the city of New York, or its common council, or any of its
officers or departments empowered so to do, and that the said corpo-
ration counsel was and is wholly without power to enter into the
said alleged compromise, agreement or contract, and to execute or
deliver the said offers, or any of them, and that his acts in so doing,
and that each and every of the judgments entered thereon were and
are wholly illegal and void. The defendants separately demurred
to this complaint, which demurrers were sustained. Upon appeal to
the Court of Appeals the judgment sustaining the demurrer inter-
posed by the individual defendants was reversed. (*Bush* v. *O'Brien*,
164 N. Y. 208.) This appeal is from the judgment sustaining the
demurrer interposed by the comptroller.

The statute under which the action is brought (Laws of 1892,
chap. 301) provides : " All officers, agents, commissioners and other
persons acting, or who have acted for and on behalf of any  *  *  *
municipal corporation in this State, and each and every one of them,
may be prosecuted and an action or actions may be maintained
against them to prevent any illegal official act on the part of any
such officers, agents, commissioners or other persons, or to prevent
waste or injury to, or to restore and make good any property, funds
or estate of such  *.  *  * municipal corporation by any person
or corporation whose assessment  *  *  * shall amount to one
thousand dollars  *  *  *. In case the waste or injury complained
of consists in any board, officer or agent in any  *  *  * munici-
pal corporation, by collusion or otherwise  *  *  * paying or con-
niving at the  *  *.  * payment of any fraudulent, illegal, unjust
or inequitable claims, demands or expenses, or any item or part
thereof against or by such  *  *  * municipal corporation, or by
permitting a judgment or judgments to be recovered against such
*  *  * municipal corporation  *  *  * either by default or
without the interposition and proper presentation of any existing
legal or equitable defenses,  *  *  * the court may, in its discre-
tion, prohibit the payment or collection of any such claims, demands,
expenses or judgments, in whole or in part  *  *  * ; and in case

.of a judgment the court may, in its discretion, vacate, set aside and .open said judgment, with leave and direction for the defendant therein to interpose and enforce any existing legal or equitable .defense therein, under the direction of such person as the court may, in its judgment or order, designate and appoint." The right .given by the statute is to allow a taxpayer to interpose to prevent .an officer of a municipal corporation from doing an illegal official .act, or to prevent injury or waste to the property of the corporation ; .or where such waste or injury has already taken place, to compel .restitution to the municipal corporation. When this case was before the Court of Appeals, on the appeal from the judgment sustaining the demurrer by the individual defendants in whose favor the judgments had been obtained, it was held that the action was to prevent .an illegal official act ; that if the corporation counsel had no power :to make the offers for judgment, the judgments were not only :irregular, but were unauthorized; that if the action had been :based upon the provisions of the statute to prevent waste, then it would be necessary to show that the city was not justly :indebted in the amount stated in the judgment, for, if it was, there .could be no waste. The action, however, having been brought to prevent an illegal official act, and as the act complained of was the false affidavit made by the corporation counsel, the making of such .a false affidavit would be a constructive fraud upon the public, and the taxpayer would have a right by an action to enjoin the enforcement or payment of a judgment issued upon such an affidavit. In :actions brought under this statute it has been held that, although the .statute only authorized an action against an official of the municipal .corporation to prevent his performing an illegal official act, still the persons in whose favor the claims exist, the payment of which is .sought to be enjoined, are necessary parties to the action as the parties who will be directly affected by the judgment. (*Osterhoudt* v. *Board of Supervisors*, 98 N. Y. 239.) But it seems to be quite .clear under the provisions of this statute that the action could not be maintained as to those persons, except as parties to the cause of .action alleged against the officer of the municipal corporation whose .acts are sought to be restrained. The object of the statute is to .prevent the official from doing the illegal act contemplated ; and the

presence of the party in whose favor the illegal act is to be committed, or who is to receive the benefit of the illegal act sought to be restrained, is necessary upon the ground that his rights will be affected by the judgment. It would seem to follow, therefore, that if this complaint had not alleged facts justifying a judgment restraining the comptroller from paying the judgments, then the demurrer of the individual defendants should have been sustained. It is quite true that there is no allegation in this complaint that the comptroller intends to pay these judgments. It is alleged that the judgment creditors have demanded payment of the amounts of the judgments from the defendant, the city of New York, and from the comptroller, and have threatened and are threatening to issue execution, or to prosecute mandamus proceedings, or to take such other steps as they may be advised to enforce the judgments against the city of New York, and to compel payment of the same by the comptroller, and that unless an injunction be granted therein there is great danger that the comptroller of the city of New York will be compelled to pay the said claims, greatly to the damage to the said city and to the unlawful injury and waste to its estate. This allegation, so far as it is the allegation of a fact, is admitted by the demurrer. The question, as here presented, is whether the allegation that a party holding a judgment illegally obtained is about to commence legal proceedings to enforce such judgment, without alleging that the officer of the municipal corporation intends to pay such judgment, would justify the court in enjoining him from doing what it is not alleged he intends or has threatened to do. But it would seem as though this question was involved in the determination of the demurrer interposed by the individual defendants, for if these allegations were not sufficient to sustain an action to prevent the comptroller from paying the judgments, there was certainly no cause of action alleged against the individual defendants where the only judgment in the action could be one against the comptroller, the individual defendants being simply parties to the action, as those whose rights would be affected by the judgment against the comptroller. The Court of Appeals having held that a good cause of action was alleged against the individual defendants, must necessarily have determined that, upon the facts alleged being proved, the court would be justified in enjoining the comptroller from paying these

judgments, and, upon a demurrer to the complaint by the comptroller, we are not justified in holding, in view of this determination of the Court of Appeals, that the complaint alleges no cause of action against him.

It follows that the judgment appealed from must be reversed and the demurrer overruled, with costs to the plaintiff, with leave to the defendant to withdraw the demurrer and answer upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed and demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer upon payment of costs in this court and in the court below.