(74 Misc. Rep. 641.)

JENSEN v. BOARD OF CONTRACT AND SUPPLY OF CITY OF
SCHENECTADY et al.

(Supreme Court, Special Term, Schenectady County. December, 1911.)

MUNICIPAL CORPORATIONS (§ 1000*)—PAVING IMPROVEMENTS—TAXPAYERS' AC-
TION.

    Where a city charter provides that the streets shall be paved with only cobble stone, broken stone, or gravel, except on petition of owners constituting one-fourth of the frontage, and two separate petitions, one for paving the street beyond the pavement already laid, with asphalt,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

and the other for paving the same street with sheet asphalt or bitulithic pavement, were filed, and bids received for paving the whole with such bitulithic pavement, in a taxpayer's action to restrain the city from contracting with the successful bidder, the latter is a necessary party.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2167–2172, 2198; Dec. Dig. § 1000.*]

Action by Peter W. Jensen against the Board of Contract and Supply of the City of Schenectady and others. Order to add certain parties defendant entered.

Miller & Golden, for plaintiff.
Daniel Naylon, for defendants.

VAN KIRK, J. This action has to do with paving Campbell avenue in the city of Schenectady. On the 13th day of February, 1911, a petition of property owners was presented to the common council asking that Campbell avenue, between the end of the present pavement near Cherry street and Seventeenth street, be paved with bitulithic pavement, to be constructed according to the patentee's specifications, or with the best quality of sheet asphalt. On March 13, 1911, there was presented to the common council a petition of property owners for the paving of Campbell avenue, from the end of the present pavement near Cherry street to the city line, which is some 900 feet beyond Seventeenth street, with sheet asphalt. This petition does not mention the bitulithic pavement. Upon these two petitions an ordinance was adopted for the paving of Campbell avenue, from the end of the present pavement near Cherry street to the city line, with sheet asphalt or bitulithic. The board adopted specifications for the sheet asphalt, prepared by the city engineer, and for the bitulithic pavement, prepared by Warren Bros. Company and submitted by the city engineer. The proper advertisements were had and bids were submitted. There were several bids for the sheet asphalt pavement contract, and one bid for the bitulithic, namely, that of Warren Bros. Company. After the bids were opened, no petition, sufficient under the provisions of the charter, was presented requesting the board to contract for paving the street with the bitulithic pavement. And thereupon the common council, by a majority vote, designated the bitulithic pavement; and the contract was thereupon awarded to Warren Bros. Company.

Under section 85 of the charter it was provided that:

"No ordinance shall be adopted by the common council directing or requiring a carriage way of the street * * * to be paved with any other material than cobble stone, broken stone or gravel, * * * except upon the written petition, duly proved or acknowledged, of owners of lots abutting thereon and constituting at least one-fourth of the frontage upon the street or part thereof to be improved."

Therefore the proceeding for paving any street in the city with other material than cobble stone, broken stone, or gravel must be instituted by a petition of the owners of lots constituting at least one-fourth of the frontage on such street. The first petition presented asked for sheet asphalt or bitulithic pavement as far as Seventeenth

street. The next petition asked for sheet asphalt only to the end of Campbell avenue, being about 900 feet beyond Seventeenth street. There was, therefore, no petition for paving Campbell avenue beyond Seventeenth street with the bitulithic pavement. The common council have put the two petitions together and have advertised for bids under specifications for both sheet asphalt and bitulithic pavement to the end of Campbell avenue.

It is urged that, under the charter above quoted, Campbell avenue beyond Seventeenth street could not be paved with bitulithic pavement, there being no petition therefor in compliance with section 85 of the charter; that the common council had no authority to advertise for bids for bitulithic pavement beyond Seventeenth street, and such advertisement is illegal and void. The men who have bid have put in their proposals with the understanding that they could pave the 900 feet of roadway beyond Seventeenth street. It is very possible that they would be unwilling to make a contract for paving a smaller street surface than was contained in the proposals for bids. On the other hand, the common council has understood that, under the petitions, it could advertise for bids the entire length of Campbell avenue from the end of the present pavement with bitulithic pavement. They had authority to advertise for such bids as far as Seventeenth street on Campbell avenue. It may very well be prejudicial to the city and the property owners along Campbell avenue to uphold the proceedings under the advertisement as far as Seventeenth street and hold it void for the remainder of the distance, if this could be done.

It is not just (without hearing all parties at least) that the court should modify the contract between the parties by lessening the amount of work to be done under the contract. If, in this case, the contract be held illegal, the rights and interests of the Warren Bros. Company are infringed upon. That company is not a party defendant. In Osterhoudt v. Supervisors of Ulster County, 98 N. Y. 239, it was held, as stated in the headnote, that in an action brought under the act for the protection of taxpayers by taxpayers of a town to vacate, on the ground of illegality or fraud, audits of town accounts, made by the board of audit, and to restrain the levying of a tax for their payments, the persons in whose favor the audits were made are proper and necessary parties.

Under the provisions of the Code of Civil Procedure, although the defendants in an action, by omitting to raise an objection of defect of parties by demurrer or answer, must be deemed to have waived it, yet, where the granting of relief against the defendant will prejudice the rights of others who are not parties to the action, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment, and a failure to do so is fatal to the judgment. In First National Bank v. Shuler, 153 N. Y. 170, 47 N. E. 264, 60 Am. St. Rep. 601, the court said:

"The rule which requires that all persons shall be made parties to an action, whose rights may be affected by the judgment, and without whose presence there cannot be a final and complete determination of the contro-

versy, is not simply a rule of practice or convenience. It has been established, in order to give finality to litigation, and in the interest of justice, that the rights of persons shall not be jeoparded or embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard. A party to an action·may by consent, or by failure in due time or manner to raise the objection that other persons should have been made parties, conclude himself to his own prejudice. But the court, on its own motion, if necessary, will interfere in behalf of third persons, not parties to the litigation, whose interests are involved in the issue presented, and by requiring them to be brought in, or by staying proceedings, protect them against an injurious adjudication, and may reverse a judgment when it appears that necessary parties were not before the court, although no objection had been taken in the pleadings or on the trial. The principle previously established by the decisions, that, where a complete determination of the controversy cannot be had without the presence of other parties, it is the duty of the court to direct them to be brought in, is now embodied in the statute. Code Civ. Proc. § 452."

It is necessary, therefore, that Warren Bros. Company be made a party to this action. The portion of this memorandum directed to the merits of the case is inserted only for the purpose of showing that the interests of the Warren Bros. Company are in jeopardy, and, when it has been made a party, the controversy must be heard without prejudice on account of anything herein stated as to the rights of the parties. The plaintiff is therefore ordered to take the proper proceedings to bring in the Warren Bros. Company as a party defendant.

Ordered accordingly.