WESTERN NEW YORK WATER COMPANY, Respondent, *v.* CITY OF BUFFALO and Others, Appellants.

Fourth Department, June 30, 1925.

**Municipal corporations — taxpayer's action — action to restrain city of Buffalo from selling city water to outsiders — city cannot sell water to outsiders without legislative authority — authority not shown — taxpayer may maintain action under General Municipal Law, § 51.**

The city of Buffalo will be restrained from selling water from municipal water works to outsiders, for a municipality cannot sell water to outsiders without legislative authority, and no authority is shown in the city to sell the water.

A taxpayer has the right to maintain this action under the authority of section 51 of the General Municipal Law, since the acts of the city officials in selling water to outsiders are fundamentally illegal and a continuation of the policy may result in waste or injury to city property.

APPEAL by the defendants, City of Buffalo and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 16th day of February, 1925, upon the decision of the court rendered after a trial at the Erie Equity Term.

*Frederic C. Rupp, Corporation Counsel [Frank C. Westphal* of counsel], for the appellants City of Buffalo and its officers.

*Rann, Vaughan, Brown & Sturtevant* [*William S. Rann* of counsel], for the appellants Iroquois Natural Gas Corporation and another.

*Botsford, Mitchell & Albro* [*Roscoe R. Mitchell* and *Preston M. Albro* of counsel], for the respondent.

PER CURIAM:

We agree with the conclusions reached by the learned court at Special Term.    (See 124 Misc. 257.)

We think that the jurisdiction of a municipality and the functions it exercises, either governmental or proprietary, are, in general, limited to the boundaries established by the statute incorporating it, unless extended by express legislative grant.    (28 Cyc. 266, 703, and cases cited.)

In this State it seems to be the general policy that if municipalities owning their own water works system desire the right to sell water to persons outside their territorial limits, they must obtain such power from the Legislature.    (Village Law, § 232, as amd. by Laws of 1922, chap. 208; Id. § 236, as added by Laws of 1924, chap. 630.)

Likewise, the power of private corporations to sell water to consumers in any given locality depends upon legislative grant. (Trans. Corp. Law, §§ 80–85.)

We do not find in any statute giving the city the right to furnish water to its inhabitants any provisions from which it may fairly be implied that it may sell water to persons for consumption outside the city limits; nor has it acquired any such right by purchasing the property of the Buffalo Water Works Company.

The municipal water works system, financed by the taxpayers of Buffalo, may not be employed in speculative enterprises, unless the authority therefor is clear and definite.    The acts of the city officials in selling water to outsiders are fundamentally illegal, and a continuation of the policy may well result in waste or injury to the city property.    These facts give necessary jurisdiction for this action.    (Gen. Mun. Law, § 51; *Bush* v. *Coler*, 60 App. Div. 47.)

The judgment should be affirmed, with costs.

All concur.    Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Judgment affirmed, with costs.