THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND EVANS, Defendant.

Police Court, City of Schenectady, May 6, 1954.

*Emmet J. Lynch, District Attorney (D. Vincent Cerrito* of counsel), and *William Olcott, Corporation Counsel (William Smith* of counsel), for plaintiff.

*Mathias P. Poersch* for defendant.

COHN, J. The amended information filed herein alleges that the defendant on four separate dates between November 3, 1953, and December 1, 1953, received summonses for parking on Hulett Street, a public street in the city of Schenectady, New York for longer than thirty minutes between the hours of 2:00 and 6:00 A.M., in violation of section 5 of article 3 of Traffic Ordinance No. 9600. The defendant failed to heed these summonses within the time allowed, and a warrant was issued for his arrest.

The ordinance which this defendant is charged with violating, reads as follows: " Section 5. ALL NIGHT PARKING PRO-HIBITED. No person shall park a vehicle on any street for a period of time longer than 30 minutes between the hours of 2 A.M. and 6 A.M. of any day, except physicians on emergency calls." It is conceded that the defendant was not a physician.

On the arraignment of this defendant he plead not guilty and his attorney moved for the dismissal of the information and discharge of the defendant on the ground that the information failed to allege the posting of signs limiting or restricting parking in the place where the defendant's car was parked at the time he received the summonses.

On the argument it was conceded no such signs were posted on Hulett Street, but the prosecution alleges that after the defendant received the first summons, he had actual notice of the existence of the ordinance prohibiting all night parking and therefore is guilty of at least the three subsequent alleged violations; they allege that actual notice is the equivalent of, or superior to signs which might have been posted and which he might have failed to notice.

Attorneys for both the prosecution and defense have submitted extensive briefs but have failed to call the court's attention to any case similar or in point and the issue presented here appears to be of first origin.

The Legislature by the passage of the Vehicle and Traffic Law (L. 1929, ch. 54), vested in the State the exclusive power to control the use of motor vehicles on public highways. (§ 10, subd. b; *People* v. *County of Westchester*, 282 N. Y. 224; *People* v. *City of Hornell*, 256 App. Div. 113.)

No municipality may pass any ordinance, rule or regulation contrary to or in anywise inconsistent with the provisions of the Vehicle and Traffic Law. (§ 54.)

Express authority, however, was given to " limit or prohibit parking in spaces and zones in such public streets or highways " provided such zones and spaces " shall be marked and indicated by suitable signs ". (§ 86, subd. 1.)

The language of the statute is clear and the duty imposed upon the municipality seeking to restrict parking is likewise unequivocal. It has been urged upon the court that there are 147 miles of streets in the city of Schenectady and that it would require approximately 6,500 signs to post these streets at an estimated cost of approximately $65,000. Such a result must certainly have been foreseen by the Legislature when it passed the Vehicle and Traffic Law and any relief from the logical consequences following from the enforcement of this law must be sought in the Legislature which created this problem in the first instance.

For the purpose of having uniform control of highways, the Vehicle and Traffic Law appears to be reasonable in its purpose and intent. The provision requiring the posting of signs do not appear to be capricious, unreasonable or whimsical, but on the contrary are designed to protect the unwary from being taken advantage of.

The enforcement of the Vehicle and Traffic Law as to the pertinent facts under consideration did not seem to create any

unreasonable or undue burden on municipalities and if they would seek to avoid its provisions such relief must be sought in the Legislature and not by judicial pronouncement.

The court would be content to rest its decision at this point were it not for the novel contention by the prosecution that the issuance of the first summons gave notice to the defendant of the existence of the ordinance prohibiting all night parking and that he therefore must be held responsible for the three subsequent summonses. The prosecution contends that the notice prohibiting such parking was thus more effectively given to the defendant than he could possibly get from the posting of signs. It would seem that the very stating of this proposition is its own answer.

An ordinance which is defective in itself, can not be cured or fortified merely by the knowledge of its existence. The ordinance in question failed to provide for the posting of signs as required by the Vehicle and Traffic Law, even though it was the intention of the City Fathers to prohibit all night parking and even though such knowledge comes to the attention of this defendant or any other similarly situated person, enforcement could not be predicated on such knowledge alone when the ordinance failed to follow the formula prescribed by the Legislature. If the ordinance is bad in its inception, it can not be made valid by the happening of subsequent events.

Motion to dismiss is granted and defendant is discharged.