Louis H. Heydeman, Plaintiff, *v.* County of Rockland et al., Defendants.

Supreme Court, Special Term, Rockland County, June 25, 1954.

*Belle Mayer* for Michael H. Prendergast, defendant.

*Selman, Frey & Messeloff* for plaintiff.

EAGER, J. This is an action by an alleged taxpayer of the County of Rockland against the county, the Board of Supervisors thereof, the chairman and individual members of the board, the budget officer of the board, the chairman of the county committee of the Democratic party, and the individual members of John V. Dinan Associates (an architectural or engineering firm, hereinafter referred to as Dinan Associates). The said chairman of the Democratic county committee (one Michael H. Prendergast) now moves, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, for an order dismissing the complaint, and the first cause of action thereof against him, upon the ground that it appears on the face thereof

that it does not state facts sufficient to constitute a cause of action against him.

The cause of action in question charges fraud and conspiracy in awarding a county contract to Dinan Associates for the preparation of preliminary plans, estimates, final drawings and specifications, and the examining and checking same during the progress of work, etc., in connection with the proposed construction of a county welfare home and office building. It is alleged that " said contract is unlawful, illegal, void and a nullity as in violation of Article XIII, Section 2 of the Constitution of the State of New York, of Section 412 of the County Law, of Section 372 of the Penal Law, and of the public policy of the State of New York for the reason that the said resolution approving and authorizing the execution of said contract was passed collusively, corruptly and fraudulently, and as the result of a corrupt bargain and in conspiracy between " certain of the supervisors, the budget officer, the defendant Prendergast and Dinan Associates, " in and by which it was offered, promised and agreed that a large sum of money shall be paid by the " latter and in and by which said supervisors, budget officer and said Prendergast " agreed to receive and accept the said large sum of money, or the promise thereof, for a vote and for procuring a vote in favor of the adoption of said resolution and for the award of said contract * * * which said sum was to be paid out of the sums to be paid said * * * Dinan Associates, pursuant to the said contract ", and that the defendant supervisors " did vote in favor of the adoption of the foregoing resolution, in pursuance of which resolution the said defendants did authorize the payment of the defendant * * * Dinan Associates the aforesaid sum of $19,000 " for the preliminary plans. It is further alleged that " in furtherance and in pursuance of said corrupt bargain ", certain of the defendant supervisors, the budget officer and said Prendergast " persuaded, induced, urged and caused the Board of Supervisors, as constituted in the year 1953, not to subject the said * * * Dinan Associates and in particular the said John V. Dinan (defendant and member of said firm) to a thorough and extensive investigation of its and his qualifications and competencies;" that the defendants well knew of the incompetency of said Dinan " to undertake as a contractor with and for the County of Rockland, the architectural, engineering and supervisory work of the construction of a welfare home and county office building "; " that as a result of said corrupt bargain and the efforts of the said defendants * * *

the Board of Supervisors * * * did fail to conduct such investigation which would have revealed the said incompetency '' of said Dinan Associates and said Dinan; '' and that as a further result of said corrupt bargain and the efforts of the said defendants, including said defendant Prendergast, the said Board of Supervisors did fail to consider other applications made by well qualified and competent architects and engineers who sought a hearing before the Board of Supervisors for the architectural, engineering and supervisory work for the construction of said county welfare home and county office building '''.

The action is brought under section 51 of the General Municipal Law, entitled '' *Prosecution of officers for illegal acts* ''. The section says that officers of the county may be prosecuted and an action may be maintained against them by a taxpayer of a municipality with certain qualifications not here important (1) to prevent any illegal official act on their part, or (2) to prevent waste or injury to, or to restore and make good, any property, funds or estate of the municipality. It also provides that if the waste or injury consists of an officer collusively '' contracting, auditing, allowing or paying '' of any '' fraudulent, illegal, unjust or inequitable claims, demands or expenses,'' the court may prohibit the payment or collection of any such claims, demands, expenses or judgments, and shall enforce the restitution and recovery thereof, if already paid, collected or retained, and also in its discretion may adjudge and declare the colluding or defaulting official personally responsible therefor and provide for the collection or repayment thereof out of his property.

There is a subsequent sentence which seems to make the provisions of the act applicable to any '' right of action now existing, or which may hereafter exist '' in favor of any municipal corporation, but the decisions seem to regard this merely as a precautionary saving clause, not as a general grant of power, and as limited in effect to the actions more specifically set forth in the earlier sentences of the section. (See *Altschul* v. *Ludwig,* 216 N. Y. 459, 464–467, and *Western N. Y. Water Co.* v. *City of Buffalo,* 242 N. Y. 202, 207.) It may be said, then, that the general effect of the statute is to provide for an action by a taxpayer (1) against an official '' to prevent any illegal official act '', or (2) '' to prevent waste or injury to, or to restore and make good, any property, funds or estate of '' the municipal corporation. To this, the Court of Appeals apparently added, in the *Altschul* case, a third category, namely,

where there is an illegal official act without waste or injury, but itself of a nature likely to imperil the public interest or calculated to work public injury or produce some public mischief.

Where the resolution authorizing and the execution of a municipal contract are the result of bribery and corruption, it would appear that the same are illegal official acts subject to attack in a taxpayer's suit. (See *Weston* v. *City of Syracuse*, 158 N. Y. 274.) Assuming, however, that this action will lie on proper allegations to question the particularly pleaded resolutions, and the alleged contract and payment thereunder, it is to be noted that such resolutions, contract and payment were not participated in by Prendergast. These acts and the alleged illegal official acts sought to be prevented were not and will not be acts of Prendergast. He did not and will not have anything to do in an official capacity with respect to any such acts. They were and will be the acts of the defendant county officers. A judgment voiding the resolutions, contract and payment, and preventing further alleged illegal official acts will not affect Prendergast in any way. He is neither a necessary nor proper party to an action to obtain such judgment. Consequently, the plaintiff's case against him must fall unless the action falls within the category of one for '' waste or injury to, or to restore and make good, any property, funds or estate of '' the county. What does the complaint say about this?

The complaint alleges that all the acts in question were the result of the criminal conspiracy to give and receive bribes. It is clear, however, that the mere allegation of a conspiracy, plus an allegation that a contract and a payment were made in consequence thereof, do not make a prima facie case against Prendergast without a showing that he has received funds or money of the county that he should restore, or that the contract and the payment injured the county or wasted its property and funds. It is not alleged that he received anything or any payment of any kind from the county. It does not, in fact, appear that Prendergast received any property or money from Dinan Associates or from any other alleged conspirator. And all that is said about waste and injury to the property of the county is that the contract and the payment of the $19,000 '' constituted illegal and void acts which has resulted and will result in waste and injury to the property, funds and estate of the County of Rockland and that the County of Rockland has been damaged in the sum of $19,000.'' For all that appears in the complaint, however, the contract may actually have been

very beneficial to the county and secured to it advantages which it could not have otherwise obtained.·

In the circumstances, Prendergast, obviously, also is not, within the provisions of the statute (said § 51) a " person or party heretofore or hereafter receiving or retaining " the proceeds of any fraudulent, illegal, unjust or inequitable demand, claim or expense or any part thereof, and, under the statute, the power to enforce the restitution and recovery of such a claim, demand or expense from *one who has not received or retained it,* is limited to the power to adjudge and declare the " colluding or defaulting *official* personally responsible therefor, and out of his property," provide for the collection or repayment thereof. (General Municipal Law, § 51.) But this action is not maintainable against the defendant Prendergast as a public official. He was neither an official of the county nor a public official. (See Election Law, § 2, subds. 8, 9, 10; *Matter of Higbee,* 153 Misc. 1, 4; *Matter of Neary* v. *Voorhis,* 207 App. Div. 419, 422, and *Matter of Bewley,* 138 Misc. 108, 111.) See, also, *Schnepel* v. *Board of Educ. of City of Rochester* (302 N. Y. 94, 95), holding that the officials indicated by the section here involved are only the officials of a county, town, village or municipal corporation and that the Board of Education of the City of Rochester is not a municipal corporation. Neither is the Democratic county committee of Rockland County.

Not only does the wording of the statute seem to limit the available defendants in an action of this kind in a way to exclude the right to join Prendergast as a party defendant to this action (he not being a public official), but the cases seem only to have allowed the bringing in of one not a public officer where he either had a contract with or a claim against the municipal corporation. This, of course, would be to get jurisdiction where an injunction was necessary, to compel restitution where there has been illegal or improper payment to the contractor or claimant, or where it is wished to bind the contractor or claimant by a judgment in relation to the nature or effect of the contract or claim. (See *Daly* v. *Haight,* 163 App. Div. 234; *Osterhoudt* v. *Board of Supervisors,* 98 N. Y. 239; *McNeil* v. *Board of Supervisors,* 123 App. Div. 622; *Burns* v. *City of Watertown,* 126 Misc. 140; *Bush* v. *Coler,* 60 App. Div. 47, affd. without opinion 170 N. Y. 587; *Bush* v. *O'Brien,* 164 N. Y. 205, and *Jensen* v. *Board of Contract & Supply of City of Schenectady,* 74 Misc. 641.) But that is about as far as the cases seem to go.

There seems to be another fatal omission in the complaint. It is alleged that the defendant Prendergast agreed to receive and accept the money or the promise of it for procuring a vote in favor of the adoption of the resolution for the contract. It then says that he with the others " persuaded, induced, urged and caused the Board of Supervisors " not to subject Dinan Associates and Dinan, individually, to an investigation. Prendergast owed no special duty to the county and had a perfect right to work for Dinan and Dinan Associates and for them to use *proper inducements* to obtain a favorable action by the board and it is not factually shown that he used any improper persuasion, inducement, insistence, etc., to obtain the board's approval. There is no specification of what he did from which it might appear that the persuasion, inducement, urging, etc., on his part were accomplished by improper means.

The complaint is dismissed as to the defendant Prendergast.