John R. Schwartz, J.
The defendant has been convicted in the Justice’s Court, Town of East Fishlrill, of a violation of article 14 (§ 245, subd. 13), of the General Business Law. In a companion case (People v. Calfayan), now before this court on appeal, a conviction was had before the same Justice’s Court on similar facts.
The defendant contends the statute is not definite in specifying the conduct which is condemned or prohibited, and hence, incapable of enforcement. “ [A] criminal statute ” must give ' ‘ unequivocal warning” to citizens, of the rule which is to be obeyed, and especially as to acts not mala in se, there must be ‘ ‘ a clear and positive expression of the legislative intent to make them criminal” (People v. Vetri, 309 N. Y. 401, 406; People v. Caswell-Massey Co., 6 N Y 2d 497; People v. Grogan, 260 N. Y. 138; Raley v. Ohio, 360 U. S. 423). “A State may not issue commands to its citizens, under criminal sanctions, in language so vague and undefined as to afford no fair warning of what conduct might transgress them.” (Raley v. Ohio, supra, p. 438.)
‘‘ Parachute jumping for exhibition purposes is forbidden.” (General Business Law, § 245, subd. 13.) What is an exhibition? Must it be regularly scheduled, and advertised? Must it be witnessed by many, few, or any persons? If it embraces anything done in public view, as the People would seem to contend, does it include a commercial pilot jumping from a stricken air liner ? Does an exhibition require skill on the part of the exhibitor which is being displayed? If so, the rule would be most difficult of application; the pursuit of indicia of skill, as opposed to the lack of skill of the novice, an endless one. In the case at bar, the defendant contends he was making training jumps, and he wore the auxiliary parachute required by the statute. A training jump is not prohibited. Without pursuing further a fruitless *75 exercise in semantics, it seems evident the wording of the statute does not warn the ordinary member of society as to what must be done and what avoided.
The conviction is reversed; the fine should be remitted; and the information dismissed.