Arnold Becker, J.
Allan Lapidus, of Spring Valley, was charged by a complaint of Sergeant John Mihalik with parking on Funston Avenue, a public street in the Village of Spring Valley, between the hours of 2:00 a.m. and 6:00 a.m., in violation of subdivision 15 of section 56 of the Spring Valley Village Ordinance. The defendant received a summons for the alleged violation on December 14, 1960.
On the arraignment of this defendant he entered a plea of not guilty, admitting that, indeed his car was parked on the street, but objecting to the charge on the ground that there were no signs posted restricting parking at the place where the defendant’s car was parked when he received the summons.
The ordinance (§ 56, subd. 15) which this defendant is charged with violating, reads as follows: “No vehicle shall be parked on any public street within the corporate limits of the Village of Spring Valley between the hours of 2:00 a.m. and 6:00 a.m. during the period beginning November 15th and ending April 1st of each year.” (Adopted Dec. 23, 1957.)
On January 27,1958 subdivision 15 of section 56 was amended so that the ordinance shall not apply to taxicabs properly parked in designated areas and to vehicles parked where the occupants are in establishments which are open during the hours between 2:00 a.m. and 6:00 a.m.
*113 Subdivision 16 of section 56 of the Ordinance of the Village of Spring Valley provides the penalties for violating subdivision 15 of section 56 (a) for a first offense, up to $10; (b) for a second offense not less than $10 nor more than $25, or imprisonment for not less than 2 days nor more than 15 days; (c) for a third offense, a $100 fine or 6 months in jail, or both.
The motive of the Village Board of the Village of Spring Valley in passing the above ordinance was a commendable one, their intent, to rid the streets of Spring Valley of automobiles parked overnight during the Winter season, so that in the event of a snowfall, snow removal would be facilitated.
The sole question before the court is whether or not the provisions of the Vehicle and Traffic Law, wherein lies the authority of the village to restrict parking entirely, impose a duty on the municipality seeking to restrict parldng to post suitable signs. Here there are no signs.
Section 1683 of the Vehicle and Traffic Law (derived from former § 86, subd. 1) provides that no ordinance or regulation made by local authorities under the powers conferred by this statute 1 ‘ shall be effective until signs or markings giving notice thereof are posted ” (subd. [a]) if the effect of the ordinance or regulation is, among other things, to (par. 8) “ Prohibit, restrict or limit the stopping, standing or parking of vehicles.”
In People v. Evans (205 Misc. 886 [1954]) a case in which the municipality had failed to post any ‘1 no parking ’ ’ signs, the court held, under the former subdivision 1 of section 86 of the law, that if the requirements of the section were not satisfied, the Village Ordinance would not be enforcible even against persons having actual notice thereof.
It is clear that the Legislature, through the enactment of the Vehicle and Traffic Law, concluded that motorists should be presumed to know the provisions of law regulating operation of vehicles on the highways outside of municipalities, but could not be presumed to know the various ordinances enacted by different cities and villages, and therefore required municipalities to erect signs warning motorists.
The language of section 1683 of the Vehicle and Traffic Law is clear and the duty imposed upon the municipality seeking to restrict parking is likewise unequivocal. Good motive and intent cannot be considered.
It is the conclusion of this court that the provisions of the Vehicle and Traffic Law of the State of New York impose a duty on a municipality seeking to restrict parking to post suitable signs before the ordinance shall be effective.
On the basis of the foregoing, the complaint is dismissed.