William E. Ringel, J.
An information filed against this defendant, charges him with violation of section 781-b of the Penal Law, a misdemeanor.
*767 The facts adduced at the trial established that the defendant was a candidate in the September 7,1961 Democratic primaries, for designation as district leader in one of the Assembly Districts located in New York County. On August 16,1961, at about 5:45 p.m., he stood on the corner of Eighth Avenue and 23rd Street, in New York County, with certain handbills in his possession, which he distributed to the public.
These handbills in effect urged his election as district leader in the September primary, as against the incumbent. The handbills did not have printed or reproduced on them either the name and post-office address of the printer, or of the person or committee at whose behest they had been printed. A motion was made at the conclusion of the People’s case to dismiss on the ground that no prima facie case had been established.
The motion must be granted for several reasons. First and foremost, district leaders and candidates for district leader do not come within the purview of the statute.
The relevant portions of the statute state: “No person shall print or reproduce in quantity by any method any handbill * * * concerning any political party, [or] candidate * * * in connection with any election of public officers, candidates for nomination for public office * * * without also printing * * * thereon legibly * * * the name and post-office address of the printer thereof or of the person and committee at whose instance or request such handbill * * * is so printed # * * and no person nor committee shall so print * * * for himself or itself any such handbill * * * without also so printing * * * his or its name and post-office address thereon.” (Emphasis supplied.)
A district leader is not a “ public officer ”. He is merely a “party officer ”. The term “public officer” means one who may be elected by all of “ electors ” of the State (or any of its political subdivisions), who are entitled to vote, regardless of their political affiliations and regardless of whether or not they are enrolled members of the candidate’s political party, or any other party, or no party at all. In other words, the term “ electors ” here means any person qualified to vote. (Public Officers Law, § 2.)
A district leader on the other hand is not selected by a vote of the qualified electorate at large, but only by the votes of those persons enrolled in his own party.
While it is true that since 1955, in New York County, he is selected in the primary election by direct vote (Election Law, § 15, subd. 3; Rules and Regulations of the Democratic Party of New York County, adopted Sept. 21, 1955, readopted Sept. 18, *768 1957, filed Oct. 2, 1961, art. VI, subd. A[2]), the basic method and theory of his selection is unchanged, to wit: only enrolled members of his own party may vote for him in these primaries. (Of. L. 1947, ch. 512, § 1.) This makes him, upon election, not a “ public officer ” but merely a “ party officer ”.
‘ ‘ The term * party officer ’ means one who holds any party position or any party office whether by election, appointment or otherwise.” (Election Law, § 2, subd. 9.)
And this distinction between “ public officer ” and “party officer” is clearly defined and recognized. Section 73 of the Election Law, for instance, provides that the Board of Elections shall publish in two newspapers “ a notice specifying the day of * * * primary election, the hours during which it will be held and the public offices for which nominations are to be made and the party positions which are to be filled at such primary elections.” (Emphasis supplied.) (Election Law of 1922, ch. 588, § 72.) (Matter of Neary v. Voorhis, 207 App. Div. 419 [1923]; Heydeman v. County of Rockland, 206 Misc. 473 [Supreme Ct. 1954]; Matter of Higbee, 153 Misc. 1 [Supreme Ct. 1934]; Matter of Bewley, 138 Misc. 108 [Supreme Ct. 1930].)
It must be assumed that the Legislature was acquainted with the difference between “ public officers ” and “ party officers ” as well as with the above-cited sections of the Election Law, when it enacted section 781-b of the Penal Law in 1941. (L. 1941, ch. 198.) “ In Davis v. Supreme Lodge, Knights of Honor (165 N. Y. 159, 166), it was said: ‘ All new laws are supposed to be enacted with knowledge on the part of the lawmakers of the existence and scope of old laws. ’ ” (Matter of Erikson v. Helfand, 1 A D 2d 59, 60-61, affd. 1 N Y 2d 775; see, also, McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 17; City of New York v. Maltbie, 274 N. Y. 90.)
Secondly, the motion to dismiss must be granted because distribution of the offending handbills is not interdicted by the statute. There is no evidence presented in this trial that the defendant did anything more than distribute the handbills in question.
Thirdly, the section itself is void for indefiniteness and uncertainty. It is to be noted that the section bars the printing, etc., of the offending handbills “ in quantity ”. Just what is meant by “ in quantity ’ ’ is not defined. How much or how little is ‘ ‘ in quantity ”?
In common usage the term “ quantity ” is an indefinite number. We may have a small quantity of something or we may have a large quantity of something. The American College Dictionary defines “ quantity ” as “1. A particular, indefinite, or *769 considerable amount of anything; a small quantity of water. 2. Amount or measure; food in great quantity. 3. Considerable or great amount; to extract ore in quantity.”
Acts prohibited by mala prohibita statutes must be so worded, must be so clear and definite, so as to remove all reasonable doubt as to the meaning conveyed and the act prohibited.
The public should not be compelled to indulge in guessing games where violations of criminal law are concerned. (People v. Vetri, 309 N. Y. 401 [1955]; People v. Feeney, 24 Misc 2d 74 [Dutchess County Ct., 1960].)
Accordingly, motion is granted, information dismissed and defendant discharged. Impellittebi and Cray, JJ. concur.