Joseph A. Lichtenthal, J.
The defendants, husband and wife, have between them received six summonses for parking their automobiles on Overlook Road between the hours of 2:00 a.m. and 6:00 a.m., on the 4th, 5th, 6th and 19th days of September, 1963, in violation of section 208 of the Traffic *401 Ordinances of the City of White Plains which provides as follows: “ all night parking prohibited. No parking shall be permitted on any street or highway in the City of White Plains between the hours of two a.m. and six a.m. on any day.” The defendants and the People have entered into a stipulation of facts in which the summonses are to be considered as informations and on the basis of which stipulation the defendants move for dismissal of the informations upon the ground that the facts are insufficient as a matter of law to constitute an offense.
The defendants concede (1) that their automobiles were parked at the times specified upon streets which were public streets in the City of White Plains; (2) that at such times there were no signs placed or posted on the block within 1,000 feet of the place of parking, which would inform the public that parking was prohibited between the hours of 2:00 a.m. and 6:00 a.m. ; (3) that at the principal entrances to the City of White Plains there are signs posted which state that parking is prohibited on public streets between the hours of 2:00 a.m. and 6:00 a.m., and (4) that section 208 of the Traffic Ordinance was duly adopted and published, and the signs placed at the principal entrances to the city comply with the New York State Manual of the Uniform Traffic Control Devices.
The defendants contend that the posting of signs at the principal entrances to the city does not sufficiently comply with the provisions of the Vehicle and Traffic Law to render the ordinance effective. They rely upon People v. Evans (205 Misc. 886 [1954]); an Informal Opinion of the Attorney-General (1955 Atty. Gen. [Inf.] 50), and People v. Lapidus (26 Misc 2d 112 [1961]).
It appears that in People v. Evans (supra) and People v. Lapidus (supra) no signs at all were posted to make operative the respective “No Parking ” ordinances of the City of Schenectady and the Village of Spring Valley. Furthermore, the Evans case (1954) and the opinion of the Attorney-General (1955) were based upon the provisions of former subdivision 1 of section 86 of the Vehicle and Traffic Law which provided that where parking was to be limited or prohibited in spaces and zones in public streets, “ such zones, spaces and stands * * * shall be marked and indicated with suitable signs ”. The opinion of the Attorney-General, even if it were an official opinion, would in no wise be binding upon the court (Matter of Stupack, 154 Misc. 759); and in addition thereto, subdivision 1 of section 86 of the Vehicle and Traffic Law was repealed by chapter 698 of the Laws of 1957.
*402 The statutes now applicable are sections 1640 and 1683 of the Vehicle and Traffic Law. Section 1640 provides: “ (a) The legislative body of any city or village, with respect to highways * * * in such city or village # * * may by local law, ordinance, order, rule or regulation: * * * 6, Prohibit, restrict or limit the stopping, standing or parking of vehicles.”
Section 1683 (subd. [a]) provides that no ordinance or regulation made by local authorities under the powers conferred by the statute “ shall be effective until signs or markings giving notice thereof are posted ” if the effect of the ordinance or regulation is, among other things, to “8. Prohibit, restrict or limit the stopping, standing or parking of vehicles.” All that the law requires with respect to the posting of signs is substantial compliance. (People v. Lathrop, 3 N Y 2d 551; People v. Silcox, 34 Misc 2d 335; Galloway, J., in People v. Asherman, 31 Misc 2d 1039.)
The court holds that the signs the city has posted at the principal entrances to the City of White Plains are sufficient to give notice of the “ All Night Parking ” ordinance as required by section 1683 to inhabitants within the city as well as to strangers from beyond the city limits. (Cf. People v. Burmann, 307 N. Y. 871; People v. Hirshon, 43 N. Y. S. 2d 764.) See, particularly, People v. Scudder (21 Misc 2d 614, 618) where the court overruled the same contentions as are made in the present case, saying: “We see no basis whatever for the defendants’ contention that so-called ‘ signs of general prohibition, ’ that is, signs announcing that no parking is allowed on any street in the village, are required to be posted at an indefinite number of spots along the village roads as well as at the various entrances to the village.”
The defendants’ motion to dismiss the informations is therefore denied.