Jack J. Danella, J.
Defendant was issued a traffic ticket on February 22, 1967 when be parked bis car iat a space regulated by a parldng meter, without inserting a coin therein as required by the Traffic Ordinance of the City of Utica. The facts are undisputed. The sign on the parking meter in question stated that the meter wias ito be in operation between the hours of 8:00 a.m. -and 6 :00 p.m., Sundays and holidays -excepted. The ordinance defines the term “ holiday ” but Washington’s Birthday is not included within the definition. The section of the ordinance under attack -reads as follows:
“See. 17-209. Operation of meters; hours prescribed, holidays designated. Except in a period -of emergency determined by -an officer of a fire company or of the police department, or except in compliance with the direction of a police officer or traffic-control signal, when any vehicle -shall be parked in a space regulated by a parking meter, between -the hours of 8:00 a.m. and 6:00 p.m. on any day except Sundays and public holidays, the -owner, -operator or driver of such vehicle -shall, upon entering such parking space, immediately deposit one- (1) to five (5), one (1) cent coins or a five (5) cent coin in the one (1) hour parking meter and shall deposit one (1) to five (5) cent coins or a five (5) cent coin or two- (2) five (5) cent coins of the United States of America, in -the parking meiter regulating such space and placed in front or alongside of the two (2) hour parking meter; provided however, that within the me-aning of this article, the term “holiday” shall include the following days only: First day of January, Thirtieth day of May, Fourth day of July, First Monday in September, Twenty-fifth day of December, -and the day designated and set apart by the President of the United States as a day of Thanksgiving; provided, further that the hours of operation of street meters -shall be between the hours of 8:00 a.m. and 9:00 p.m. on Mondays.”
Defendant contends that this portion -of the Traffic Ordinance is unconstitutional because it is in conflict with section 24 of the General . Construction Law which includes February 22, Washington’s birthday, as a public holiday. Defendant further contends that a municipality seeking to restrict parking must post suitable signs before an ordinance -shall be effective.
*308 The People contend that the city had a right to adopt such an ordinance under sections 1 and 2 of article IX of the Constitution. While it is -trule that local governments have been given broader powers concerning the management of their property, affairs -or government under article IX of the Constitution, local laws adopted under such powers cannot be inconsistent with or supersede the general laws of the State- (Wholesale Laundry Bd. of Trade v. City of New York, 43 Misc 2d 816, affd. 22 A D 2d 762, affd, 15 N Y 2d 604); nor can a city encroach upon matters of -State concern (Bugeja v. City of New York, 24 AD 2d 151, affd. 17 N Y 2d 606).
The regulation of highway traffic is -a matter of State- concern and is the -exercise- of a governmental function exclusively within the power of 'the State except to the- extent that the- Legislature delegates such powers to municipal corporations. (People v. Grant, 306 N. Y. 258; Vehicle and Traffic Law, § 1600.)
The power to regulate the parking of vehicle's and the installation and maintenance of parking meters was specifically given to cities by paragraphs 6 and 9 of subdivision (-a) of section 1640 of the Vehicle and Traffic Law. Such a delegation of power, however, was made subject to the condition that before such an ordinance could become enf-ortible, signs and markings giving notice thereof were to be po-ste-d. (Vehicle and Traffic Law, § 1683, subd. [a], par. 8.)
The markings on the meter in question, among others, were that it was to be in operation between the- hours of 8:00 a.m. to 6:00 p.m., Sundays and holidays excepted. The use -of the word “ holidays ” without designating the holidays intended makes for confusion in -the minds of the public. The requirement that signs and markings be posted before a local ordinance regulating local traffic conditions can become- effective is reasonable. It was the intention -of the Legislature in the enactment of the Vehicle and Traffic Law, that the motorist, although presumed to know the provisions of law regulating operation of vehicles- on highways outside of municipalities, could not be presumed to know the provisions -of various local ordinances! adopted by municipalities throughout the State. (People v. Schrader, 172 Misc. 246.) The failure of the city to designate on the parking meters the various holidays -as defined by the- city ordinance made for confusion, because the holidays designated in the city ordinance did not embrace all of the holidays contained in section 24 of the General Construction Law. Section 24 of the General Construction Law reads as follows:“ § 24. Public holidays; half-holidays. The term public holiday includes the following days in each year: the first day of January known as New *309 Year’s day; the twelfth day of February, known as Lincoln’s birthday; the twenty-second day of February, known as Washington’s birthday; the thirtieth day of May, known as Memorial day; the fourth day of July, known as Independence day; the first Monday 'of September, known as Labor day; the twelfth day of October, known ¡as Columbus day; the ¡eleventh day of November, known as Veterans’ day; the fourth Thursday in November, known as Thanksgiving day; and the twenty-fifth day of December, known as Christmas day, and if any of suck days is Sunday, the next day thereafter; each general election day, and each ¡day appointed by the president of the United States or by the governor of this state as a day of general thanksgiving, general fasting and prayer, or other general religious observances. The term half-holiday includes the period from noon to midnight of ¡each Saturday which is not a public holiday.”
While the definition of terms in the General Construction Law is not controlling where the general object or context of the language construed indicates that a different meaning or application was intended (Southbridge Finishing Co. v. Golding, 2 A D 2d 430), yet the public should not be' compelled to indulge in guessing games where violations of criminal law are concerned. (People v. Vetri, 309 N. Y. 401; People v. Feeney, 24 Misc 2d 74.)
The provision of the ordinance in question is valid. The city had a ¡right to ¡select the holidays on which the parking meters were to be in operation. In requiring parking meteris to be in operation ¡on those holidays when places of business are generally open, its purpose was to keep traffic moving. This was a reasonable exercise of its police power. However, the failure of the city to ¡specify on the parking meter the holidays that were to be ¡excepted makes the ordinance unenforcible. (People v. Lapidus, 26 Misc 2d 112; People v. Asherman, 31 Misc 2d 1039; People v. Hirsehfield, 41 Misc 2d 401.)
Until that is done, the term “ holiday ” ¡as appearing on the parking meters of the City of Utica is interpreted to mean all of the holidays as defined in section 24 of the General Construction Law.
Inasmuch as Washington’s birthday is one of the holidays designated in ¡section 24 of the General Construction Law, the defendant was not required to insert a coin in the parking meter on February 22,1967. Hence, the information filed against him is dismissed.