HON. RALPH I. GREENHOUSE County Attorney, Onondaga County
This is in response to a letter from Deputy County Attorney I, Mr. J.C. Engelbrecht, which requests the opinion of the Attorney General concerning the Onondaga County Board of Ethics.
Mr. Engelbrecht states that the Onondaga County Legislature has directed that your office ascertain the scope of the subpoena power of the Onondaga County Board of Ethics. He further states that his research has disclosed previous opinions of the Attorney General and the State Comptroller indicating that boards of ethics do not possess subpoena power and that a county legislature cannot delegate such power to them. He therefore inquires whether the Onondaga County Legislature may pass a resolution subpoenaing witnesses requiring them to appear before the Board of Ethics or, in the alternative, pass a resolution to the same effect but requiring that the actual subpoena must first be signed by a supreme court justice.
The establishment of a county board of ethics is authorized by section 808 of the General Municipal Law. Under that section, a board of ethics is empowered to render advisory opinions to officers and employees of municipalities within the county and to make recommendations with respect to the drafting of a code of ethics upon the request of any municipality within the county.
Section 208 of the Onondaga County Charter provides, in pertinent part, as follows:
 "* * * The county legislature shall be the policy determining body of the county and shall be vested with all the powers of the county. The county legislature shall have, but not by way of limitation, the following powers and duties: * * * (h) To make or cause to be made such studies, audits or post audits and investigations as it deems to be in the best interest of the county, and in connection therewith to obtain professional and technical advice, appoint temporary advisory boards of citizens, subpoena witnesses, administer oaths and require the production of books, papers and other evidence, deemed necessary or material to such study, audit or investigation." (Emphasis supplied.)
The power vested in the Onondaga County Legislature to subpoena witnesses is for the purpose of, and in furtherance of, a study, audit or investigation deemed in the best interests of the county. However, were the Onondaga County Legislature to subpoena witnesses requiring them to appear before the Onondaga County Board of Ethics, this would not be in furtherance of a study, audit or investigation conducted by the County Legislature, but would be for the purpose of assisting the Board of Ethics in performing its own designated function of rendering advisory opinions and assisting various municipalities in drafting their own codes of ethics. These functions are specifically required to be performed by the board of ethics. The Onondaga County Legislature, therefore, has no authority to conduct a study or an investigation concerning these matters, and consequently has no subpoena power in conjunction therewith. As a general proposition, municipalities, as creatures of the state, exercise only those powers specifically delegated to them by the state (Seaman v. Fedourich, 16 N.Y.2d 94 [1965]).
Had the New York State Legislature intended that county boards of ethics should be empowered to subpoena witnesses in furtherance of their duties, it could easily have provided appropriate statutory authority. Any attempt by a county legislature to indirectly bestow upon the board of ethics the power to compel the attendance of witnesses before it would be inconsistent with the provisions of section 808 of the General Municipal Law, which prescribes the powers of a local board of ethics and does not provide any authority whereby witnesses could be compelled to appear before the local board. Nor does section 808 allow the governing body of a county, by local law or resolution, to use its own subpoena powers to compel witnesses to appear before the board of ethics.
Section 808, applying as it does to all counties within the state, is a "general law" as that term is defined in section 2(5) of the Municipal Home Rule Law. A local law adopted by a municipality cannot be inconsistent with or supersede a general law of the state (People v. Abelove, 54 Misc.2d 306 [1967]). Thus, any local legislation whose ultimate effect would be to indirectly allow a county board of ethics, acting through the county legislature, to compel witnesses to appear before it, is unauthorized as inconsistent with section 808 of the General Municipal Law.
We conclude that the Onondaga County Legislature is not authorized to pass a resolution subpoenaing witnesses to appear before the Onondaga County Board of Ethics, even should the resolution provide that the subpoena must first be signed by a supreme court justice.