Hon. John E. Roe Corporation Counsel, Albany
This is in response to your request for our opinion concerning the legality of implementing a parking coupon system as a substitution for parking meters.
According to the brochure forwarded with your letter, the Telepark System consists of a parking coupon, upon which are various punch-out sections which the motorist removes to indicate the appropriate month, date and time of use. The coupon is then placed inside the windshield, where the parking officer can see it.
The coupons are purchased in advance in books of five, ten or more from stationery stores, banks, gas stations, and whatever other sources the city may determine. After use, they are discarded.
Regulation and control of streets and highway traffic is a matter of State concern and is the exercise of a governmental function exclusively within the power of the State as sovereign, except to the extent that the Legislature delegates such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258, 260 [1954]; People vAbelove, 54 Misc.2d 306, 308 [City Court of Utica, 1967]).
The provisions of the Vehicle and Traffic Law, by virtue of section 1600 thereof, are applicable and uniform throughout the State. No local authority shall enact or enforce any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized to do so.
Section 1604 of the Vehicle and Traffic Law provides, in relevant part:
 "Except as otherwise provided in this chapter,
local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner of a motor vehicle or motorcycle, or from any operator or chauffeur to whom this chapter is applicable, any tax, fee, license or permit for the use of the public highways, or excluding any such owner, operator or chauffeur from the free use of such public highways * * *" (Emphasis supplied.)
A city's authority to prohibit, restrict or limit the stopping, standing or parking of vehicles is found in Vehicle and Traffic Law, § 1640
(a) (6), and by paragraph (9) of the same subdivision, a city may provide for the installation, operation, maintenance, policing, and supervision of parking meters, establish parking limits and designate hours of operation of such meters, and fix the payment of fees applicable to metered parking.
Vehicle and Traffic Law, § 1640 (a) (16), contains an omnibus clause empowering a city to adopt such additional reasonable local laws, ordinances, orders, rules and regulations with respect to traffic as local conditions may require, but the authorization is subject to thelimitations contained in the various laws of the State.
Although a city clearly has the power to regulate parking on its streets, where a fee is to be charged for the privilege, the only authorized method is by parking meter. Any other system would be inconsistent with Vehicle and Traffic Law, § 1640 (a) (9), and is therefore prohibited by section 1604 of such law. Accordingly, it is our opinion that the City of Albany may not implement a parking coupon system as a substitution for parking meters.